**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) ) **Case No. 1:16-cv-03885** |
| **v.** | ) ) **Judge: Sara L. Ellis** |
| **DANIEL C. USTIAN,** | ) **Mag. Judge: Sidney I. Schenkier** ) ) |
| **Defendant.** | ) |

## DEFENDANT DANIEL USTIAN'S MOTION TO EXCLUDE OR FOR LEAVE TO DEPOSE WITNESSES NOT PREVIOUSLY DEPOSED

Mr. Ustian moves to exclude or, in the alternative, for leave to depose two witnesses (Tim Denoyer and David Leiker) because the SEC has identified them as trial witnesses seemingly out of the blue. The only context in which the SEC previously identified them was in disclosures that listed them among dozens of others with the same verbatim, generic description of the witnesses' relevant knowledge. The SEC's list of witnesses has varied over time, ranging between 77 and 194 total witnesses. The list of witnesses with the identical description as Mr. Denoyer and Mr. Leiker has varied between 18 and 61. Mr. Ustian was limited to taking 20 depositions in this case. Forced to guess which witnesses the SEC actually intended to call among the slew of witnesses the SEC described in the exact same way, Mr. Ustian deposed every witness in this category for whom the SEC produced a declaration.

Now, just a few months before trial, the SEC reveals its hide-the-ball trick by identifying these two witnesses as trial witnesses, but refusing to agree to allow Mr. Ustian to take their

depositions.  Good cause exists to exclude the two witnesses from trial or, in the alternative, to allow Mr. Ustian to depose them.

## I.    BACKGROUND

During the course of the SEC's four-year investigation precipitating this case, the SEC enforcement staff took 49 days of investigative testimony from 37 witnesses.  They did not take testimony from Mr. Denoyer or Mr. Leiker; they never even spoke to them.  *See* Ex. 1, SEC Resp. to Ustian Interrogs. (Aug. 28, 2017) at 5-8.

In its Initial Disclosures, the SEC identified 194 "individuals likely to have discoverable information."  *See* Ex. 2, SEC's Initial Disclosures (June 14, 2016).  (194 is actually an understatement: one of the entries broadly identified "various other institutional and individual Navistar investors."  *Id.* ¶ 193.)  The Initial Disclosures even included someone who was deceased.  *See id.* ¶ 117 (identifying Michael Horowitz).

Among the morass of witnesses, the SEC snuck in Mr. Denoyer and Mr. Leiker.  The SEC described the "discoverable information" they may have using a stock description that the SEC repeated for 61 witnesses.  *Compare id.* ¶¶ 46, 66 ("This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts."), *with id.* ¶¶ 38-45, 47-65, 67-99 (same).

Near the end of the almost three-year fact discovery period, the SEC amended its disclosures.  The Amended Disclosures still identified 72 individuals likely to have discoverable information, and 32 of those witnesses—including Mr. Denoyer and Mr. Leiker—continued to

have the exact same description.  Ex. 3, Am. Disclosures (Sept. 18, 2018) ¶¶ 17-42, 60-62, 68-71.

The SEC played the same game with its responses to interrogatories.  Yes, the SEC identified Mr. Denoyer and Mr. Leiker as potential trial witnesses.  But they were among 77 potential trial witnesses, including almost 20 witnesses likely to testify about the same thing.  *See* Ex. 4, SEC Am. Resp. to Ustian Interrog. No. 10 (Sept. 18, 2017) ¶¶ 35-54; Ex. 5, SEC 2d Am. Resp. to Ustian Interrog. No. 10 (Nov. 16, 2017) ¶¶ 35-54.  During fact discovery, the SEC produced declarations from a handful of these market analysts (though not from Mr. Denoyer or Mr. Leiker), and Mr. Ustian deposed every one of those witnesses.  Mr. Ustian further attended additional depositions of analysts and investors who the SEC lumped together in its disclosures.  ***It would have been impossible for Ustian to depose every witness in this category based on the SEC's initial and supplemental disclosures of witnesses with relevant information***.

On October 30, 2019, the SEC provided Mr. Ustian with its proposed witness list for trial, which identified Mr. Denoyer and Mr. Leiker as witnesses who may testify "about Navistar's and Ustian's public statements regarding Navistar's certification efforts."  *See* Ex. 6, SEC's Proposed Witness List (Oct. 30, 2019) 4-5

## II.   ARGUMENT

Good cause exists to allow Mr. Ustian to depose Mr. Denoyer and Mr. Leiker, who were among 61 individuals identified by the SEC to have discoverable information on the same subject matter.  A discovery schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard is satisfied when "it does not appear that either party was attempting to purposefully delay these proceedings or delayed discovery requests to gain a tactical advantage."  *Krukowski v. Omicron Techs., Inc*., 2012 WL

3841491, at *4 (N.D. Ill. Aug. 29, 2012). Moreover, "[c]ourts enjoy wide latitude in managing their dockets, setting discovery deadlines, and ruling on motions to continue." *Id.* at 3.

Mr. Denoyer and Mr. Leiker were among the almost 200 individuals in the SEC's Initial Disclosures, and among 61 individuals likely to have discoverable information regarding "the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts." Ex. 2, Initial Disclosures (June 14, 2016) ¶¶ 38-99. Mr. Ustian deposed every witness in this category for whom the SEC provided declarations, and it would not have been possible (or productive for either party) for Mr. Ustian to depose every witness the SEC identified this way.

Put another way, even if Mr. Ustian deposed **only** witnesses the SEC described this way (and did not take any other depositions), he could not have deposed all of the witnesses the SEC identified with this description in its initial and supplemental disclosures of witnesses who may have relevant information. Given that the SEC has now identified which of these analysts it intends to call at trial, unless the SEC is foreclosed from calling these witnesses, good cause exists to allow Mr. Ustian to depose Mr. Denoyer and Mr. Leiker.[1]

---

[1] Mr. Ustian notes that the parties have resolved other similar issues, leaving just these two witnesses in dispute. The SEC's proposed witness list contains the names of seven witnesses who were never deposed: Don Sharp, Christopher Meekins, Jason Barlow, Stephen Klopukh, Wilburn Saylor, Mr. Denoyer, and Mr. Leiker. During meet-and-confer discussions with the SEC, counsel for the SEC represented that they have had no conversation with Mr. Sharp and that it is highly unlikely they would call him. If they did call him, the SEC indicated he would be called solely as a records custodian for Navistar. The SEC similarly represented that it is highly unlikely that they would call Mr. Meekins and that if they did, the scope of his testimony would be limited to the scope of the declarations that he filed in this case. Based on those representations, Mr. Ustian is not seeking to depose Mr. Sharp or Mr. Meekins. After meet-and-

## III.    CONCLUSION

WHEREFORE, Mr. Ustian respectfully moves to exclude or, in the alternative, for leave to depose Tim Denoyer and David Leiker.  Mr. Ustian further requests whatever other relief the Court deems appropriate.

Dated November 14, 2019                    Respectfully submitted,

                                           **DANIEL C. USTIAN**

                                           */s/ Sean M. Berkowitz*
                                           By Sean M. Berkowitz

                                           Sean M. Berkowitz (ARDC No. 6209701)
                                           Cary R. Perlman (ARDC No. 6197698)
                                           Robin M. Hulshizer (ARDC No. 6230994)
                                           Eric R. Swibel (ARDC No. 6297743)
                                           Caitlin E. Dahl (ARDC No. 6312614)
                                           Adam L. Rosenbloom (ARDC No. 6317055)
                                           LATHAM & WATKINS LLP
                                           330 N. Wabash Avenue
                                           Suite 2800
                                           Chicago, Illinois 60611
                                           (312) 876-7700

                                           Laurence H. Levine (ARDC No. 1638459)
                                           LAURENCE H. LEVINE LAW OFFICES
                                           189 East Lake Shore Drive
                                           16th Floor
                                           Chicago, Illinois 60611
                                           (312) 927-0625

                                           *Attorneys for Defendant Daniel C. Ustian*

---

confer negotiations, the SEC agreed that Mr. Ustian could depose Mr. Barlow and Mr. Klopukh. Finally, the SEC represented that Mr. Saylor would be testifying solely as a "summary witness" under Rule 1006.  Based on that representation, Mr. Ustian agreed not to move for leave to depose him, though Mr. Ustian reserves the right to move to exclude his testimony to the extent that the SEC intends to elicit improper lay opinion testimony from Mr. Saylor at trial.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No. 1:16-cv-03885 |
| **v.** | ) ) ) | Judge Sara L. Ellis |
| **DANIEL C. USTIAN,** | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| **Defendant.** | ) ) | |

**EXHIBIT LIST TO
DEFENDANT DANIEL USTIAN'S MOTION TO EXCLUDE OR FOR LEAVE TO
DEPOSE WITNESSES NOT PREVIOUSLY DEPOSED**

| Exhibit No. | Description |
|---|---|
| 1 | Aug. 28, 2017 Plaintiff's Response to Defendant's First Set of Interrogatories |
| 2 | June 14, 2016 Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) |
| 3 | Sept. 18, 2018 Plaintiff's Amended Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) |
| 4 | Sept. 18, 2017 Plaintiff's Amended Response to Defendant's Interrogatory No. 10 |
| 5 | Nov. 16, 2017 Plantiff's Amended Response to Defendant's Interrogatory No. 10 |
| 6 | Oct. 30, 2019 Plaintiff's Witness List – Draft 10/30/19 |

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 16 C 3885 ) |
| DANIEL C. USTIAN, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, plaintiff responds and objects to defendant's First Set of Interrogatories as follows:

## GENERAL RESPONSES

1.    The SEC's responses to the Interrogatories are made to the best of SEC's present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of the SEC's recollection, knowledge and investigation, are subject to such additional knowledge of facts as may result from the SEC's further discovery or investigation. The SEC specifically reserves the right to supplement and amend

these responses, pursuant to Federal Rule of Civil Procedure 26(e) or otherwise, and, if necessary, to assert additional objections arising from further investigation.

2.     The SEC reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information obtained in discovery herein.

3.     The SEC reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action, for any purpose whatsoever, of the SEC's responses herein, whether in this action or any other action.

4.     The SEC reserves the right to object on any ground at any time to such other or supplemental Interrogatories as Ustian may at any time propound involving or relating to the subject matter of these Interrogatories.

## GENERAL OBJECTIONS

The SEC makes the following objections to each Interrogatory, whether or not separately set forth in response to each Interrogatory, and to each Definition:

1.    The SEC objects generally to all Definitions and Interrogatories insofar as any such Definition or Interrogatory seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other privilege, immunity or doctrine recognized by any and all applicable federal or local rules or law, or are otherwise not subject to discovery under the Federal Rules of Civil Procedure. Such documents or information shall not be provided in response to the Interrogatories, and, consistent with the Protective Order, Dkt. No. 71-1, any inadvertent production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work product doctrine that may attach thereto.

2.    The SEC objects to all Definitions and Interrogatories to the extent they seek information not currently in the SEC's possession, custody, or control or seek to require the SEC to search for information or documents no longer in existence or in the SEC's possession, custody, or control, on the grounds that such Definitions and Interrogatories are overly broad, would subject the SEC to undue annoyance, oppression, burden, and expense, and seek to impose upon the SEC an obligation to investigate information or materials from third parties or services who are equally accessible to Defendant.

3. The SEC objects to the interrogatories that command the SEC to identify "all facts" or "all evidence," as such requests are overbroad, unduly burdensome and disproportionate to the needs of this case. *See e.g. Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 663 (D. Kan. 1996) (internal cite omitted) ("Some lawyers attempt to use contention interrogatories to require the opponent to state every fact, identify every witness, and specify each document supporting each allegation of the complaint or answer. Such blunderbuss interrogatories are likely to be found objectionable and should not be used."); *Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, *2 (N.D. Cal. Sept. 18, 2012) (contention interrogatories that require a party to state "every fact" or "all facts" supporting identified allegations or defenses are often overly broad and unduly burdensome); *Bovarie v. Schwarzenegger*, 2011 WL 719,206, *1 (S.D. Cal. Feb. 22, 2011) ("The Court agrees that [interrogatories] seeking every fact that underlies every affirmative defense is unduly burdensome."). The SEC's responses to these Interrogatories are based on a reasonable search of the non-privileged documents, testimony (including anticipated trial testimony), and other information related to the investigation and litigation of this matter.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**: IDENTIFY each PERSON from whom YOU sought written or oral information CONCERNING the SUBJECT MATTER OF THE LITIGATION during the INVESTIGATION or LITIGATION, who was not YOUR employee or agent at the time of YOUR request, including, but not limited to, those PERSONS YOU interviewed or deposed during the INVESTIGATION or the LITIGATION and those PERSONS from whom YOU sought testimony or DOCUMENTS during the INVESTIGATION or the LITIGATION.

**RESPONSE**: The SEC objects to Interrogatory No. 1 to the extent it seeks information protected by the attorney-work product privilege, the whistleblower privilege, the confidential informant privilege, and the privilege set forth in 15 U.S.C. § 78x. The SEC further objects to this interrogatory for the reasons set forth in General Objection No. 3. Further responding, such persons include:

- Jack Allen
- Edward Anesi
- Kathleen Cantillon
- Luis Cattani
- Andrew Cederoth
- Thomas Cellitti
- Patrick Charbonneau
- Troy Clarke

- Steve Covey
- Dennis Culloton
- Karen Denning
- Randy Diaz
- Michael Hammes
- Titus Iwaszkiewicz
- Dee Kapur
- James Keyes
- Heather Kos
- Thomas Kramer
- Dennis Mooney
- John Moran
- Steve Ostarello
- Brian Pavlicek
- David Piech
- Mark Reiter
- Rogelio Rodriguez
- Eric Sedler
- Sergio Sgarbi
- Brien Sheahan
- John Silva
- Matthew Smith
- James Spangler
- Richard Tarapchak
- Eric Tech
- Robert Tockman
- Daniel Ustian
- Longry Wang
- Ramin Younessi
- Russ Zukouski
- Vicky Bryan
- Ken Bultemeier
- Byron Bunker
- Andrew Casey
- Ann Duignan
- John Fehring

- Justin Greuel
- James Hebe
- Robert Jones
- William Jones
- Martin Keller
- Kristine Kubacki
- Greg Lapp
- Walter Liptak
- Brad Markell
- Brian Mooers
- Greg Orehowsky
- Brian Sponheimer
- Joel Tiss
- Stephen Volkmann
- Mark Wohlford
- William Anaya
- Tyrone Fahner
- Whistleblower 1
- Whistleblower 2
- Whistleblower 3
- Navistar International Corporation
- KPMG LLP
- American Appraisal Associates, Inc.
- Ernst & Young
- Milliman, Inc.
- PriceWaterhouseCoopers LLP
- Towers Watson & Co.
- Valuation Research Corporation
- Cummins, Inc.
- Cohen Milstein
- Environmental Protection Agency
- Alignment Government Strategies
- Alston & Bird LLP
- ASGK Public Strategies
- Mayer Brown LLP
- Tauzin Strategic Networks

- Latham & Watkins LLP
- Williams & Jensen
- Culloton Strategies, LLC

**INTERROGATORY NO. 2**: For each PERSON identified in YOUR response to Interrogatory No. 1, DESCRIBE all facts YOU learned from such PERSON CONCERNING the SUBJECT MATTER OF THE LITIGATION.

**RESPONSE**: The SEC objects to the demand for "all facts." *See* General Objection No. 3 hereto. The SEC objects to Interrogatory No. 2 to the extent it seeks information protected by the attorney-work product privilege, the law enforcement privilege, the whistleblower privilege, the confidential informant privilege, and the privilege set forth in 15 U.S.C. § 78x. Subject to and without waiving these objections, the SEC responds as follows:

The following individuals provided testimony during the investigation and a summary of the facts learned from each person can be found in their testimony transcripts that have been produced to Ustian in the litigation:

- Jack Allen: see testimony transcript dated 11/13/2014
- Edward Anesi: see testimony transcript dated 4/2/2014
- Kathleen Cantillon: see testimony transcript dated 8/4/2015
- Luis Cattani: see subpoena dated 4/11/2013; see testimony transcript dated 4/23/2013
- Andrew Cederoth: see testimony transcript dated 2/10/2015

- Thomas Cellitti: see testimony transcript dated 10/7/2013

- Patrick Charbonneau: see testimony transcripts dated 12/9/2014 and 12/10/2014

- Troy Clarke: see testimony transcript dated 10/14/2014

- Steve Covey: see testimony transcript dated 5/6/2015

- Dennis Culloton: see testimony transcript dated 6/11/2015

- Karen Denning: see testimony transcript dated 3/11/2015

- Michael Hammes: see testimony transcript dated 4/23/2015

- Titus Iwaszkiewicz: see testimony transcripts dated 5/1/2013, 5/13/2014, 5/14/2014, 10/23/2014

- Deepak Kapur: see testimony transcript dated 9/11/2014

- James Keyes: see testimony transcript dated 5/7/2015

- Heather Kos: see testimony transcript dated 10/28/2014

- Thomas Kramer: see testimony transcripts dated 5/7/2014 and 5/12/2014

- Dennis Mooney: see testimony transcript dated 7/2/2014

- John Moran: see testimony transcript dated 6/4/2015

- Steve Ostarello: see testimony transcripts dated 5/1/2013 and 5/28/2014

- Brian Pavlicek: see testimony transcript dated 4/24/2014

- David Piech: see subpoena dated 4/17/2014; see testimony transcripts dated 6/24/2013 and 5/15/2014

- Mark Reiter: see testimony transcript dated 11/21/2013

- Rogelio Rodriguez: see testimony transcript dated

4/16/2014

- Eric Sedler: see testimony transcript dated 8/5/2015

- Sergio Sgarbi: see testimony transcript dated 8/21/2014

- Brien Sheahan: see testimony transcript dated 6/6/2014

- John Silva: see testimony transcript dated 4/11/2014

- Matthew Smith: see testimony transcript dated 6/6/2014

- James Spangler: see testimony transcript dated 4/16/2014

- Richard Tarapchak: see testimony transcript dated 2/13/2015

- Eric Tech: see testimony transcript dated 9/3/2014

- Robert Tockman: see testimony transcript dated 6/4/2015

- Daniel Ustian: see subpoenas dated 9/5/2014 and 9/29/2014; see testimony transcripts dated 11/19/2013, 11/20/2013, 4/15/2015. 4/16/2015, 4/17/2015

- Longry Wang: see testimony transcript dated 8/5/2014

- Ramin Younessi: see testimony transcripts dated 1/7/2015 and 1/8/2015

- Russ Zukouski: see testimony transcript dated 5/21/2014

The following individuals produced documents during the investigation and a summary of the facts the SEC learned from each person can be found in the documents made available to you during the litigation:

- Navistar International Corporation – see subpoenas dated 7/6/2012, 3/22/2013, 5/15/2013, 1/15/2014, 3/13/2014, 6/11/2014, 6/11/2014, 6/18/2014, 9/5/2014, 11/21/2014, 7/6/2015 and documents NAV00000001- NAV00752478.

- KPMG LLP – see subpoenas dated 7/16/2012, 4/22/2014, 7/6/2015 and documents KPMG-NAV0000001 - KPMG-NAV 0295436, KPMG-NAV-eAT-0000001 - KPMG-NAV-eAT-0009006.

- American Appraisal Associates, Inc. – see subpoena dated 12/18/2012; per the agreement of USTIAN, these documents have not been produced in the LITIGATION.

- Ernst & Young – see subpoena dated 12/18/2012; per the agreement of USTIAN, these documents have not been produced in the LITIGATION.

- Milliman, Inc. – see subpoena dated 12/18/2012;  per the agreement of USTIAN, these documents have not been produced in the LITIGATION.

- Price Waterhouse Coopers LLP – see subpoena dated 12/18/2012; per the agreement of USTIAN, these documents have not been produced in the LITIGATION.

- Towers Watson & Co.- see subpoena dated 12/18/2012; per the agreement of USTIAN, these documents have not been produced in the LITIGATION.

- Valuation Research Corporation: see subpoena dated 12/18/2012;  per the agreement of USTIAN, these documents have not been produced in the LITIGATION.

- Cummins, Inc. – see subpoena dated 5/9/2013 and documents CMI0000001 - CMI0000074.

- Cohen Milstein – see subpoena dated 12/12/2013 and see documents SEC-Emails-36678 – SEC-Emails-36805

- Alignment Government Strategies: see subpoena dated 6/24/2014; Alignment Government Strategies did not produce documents in response to our subpoena.

- Alston & Bird LLP: see subpoena dated 6/24/2014 and

documents AB00000001 - AB00001374.

- ASGK Public Strategies: see subpoena dated 6/24/2014 and documents ASGK-NAV-E-00000001 - ASGK-NAV-E-00006029.

- Mayer Brown LLP: see subpoena dated 6/24/2014 and documents MB000001 - MB000742.

- Tauzin Strategic Networks: see subpoena dated 6/24/2014; Tauzin Strategic Networks did not produce documents in response to our subpoena.Latham & Watkins LLP: see subpoena dated 6/25/2014 and documents LWNAV000001 - LWNAV000003

- Williams & Jensen: see subpoena dated 7/14/2014 and documents SEC-WandJ-E-0000001 - SEC-WandJ-E-0013016.

- Culloton Strategies, LLC: see subpoenas dated 2/23/2015 and 7/6/2015 and documents CS0000001/5129R - CS0005634/5138R.

- Environmental Protection Agency: communications with Navistar regarding its efforts to certify an engine at the 0.20 NOx standard.  See also SEC-EPA-E-01-92.

The following persons signed declarations during the investigation and a summary of the facts from each person can be found in such declarations, which were produced to you during the litigation:

- Andrew Casey: This person provided information regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See declaration dated 1/26/2016; see also Casey's analyst

reports within SEC-AnalystReports-0000001- 0005230.

- Kristine Kubacki: This person provided information regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See declaration dated 1/28/2016; see also Kubacki's analyst reports within SEC-AnalystReports-0000001- 0005230.

- Walter Liptak: This person provided information regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See declaration dated 1/27/2016; see Liptak's analyst reports within SEC-AnalystReports-0000001- 0005230.

The following persons were deposed during the litigation and a summary of the facts from each person can be found in the deposition transcripts:

- William Anaya: *see* deposition transcript dated 5/11/2017

- Tyrone Fahner: *see* deposition transcript dated 11/16/2016

- Robert Jones: *see* deposition transcript dated 11/3/2016

- Brien Sheahan: *see* deposition transcript dated 5/9/2017

A summary of the information from each other person listed in response to Interrogatory No. 1 is provided below:

- Vicky Bryan: This person provided information regarding,

among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See also Bryan's analyst reports within SEC-AnalystReports-0000001- 0005230.

- Ken Bultemeier: This person provided information regarding, among other things, Navistar's efforts to develop and certify an EGR-only engine at 0.20g NOx before Navistar's emissions credits expired.

- Byron Bunker: This person provided information regarding, among other things, the EPA certification process generally, Navistar's efforts to develop and certify an EGR-only engine at the 0.20 NOx standard and communications with Navistar regarding the same, Navistar's use of emissions credits and payment of non-compliance penalties, and Navistar's efforts to develop and certify an engine at the 0.20 NOx standard that used SCR technology and communications with Navistar regarding the same.

- Ann Duignan: This person provided information regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See also Duignan's analyst reports within SEC-AnalystReports-0000001- 0005230.

- John Fehring: This person provided information regarding, among other things, Navistar's efforts to develop and certify an EGR-only engine at 0.20g NOx before Navistar's

emissions credits expired.

- Justin Greuel: This person provided information regarding, among other things, the EPA certification process generally, Navistar's efforts to develop and certify an EGR-only engine at the 0.20 NOx standard and communications with Navistar regarding the same, Navistar's use of emissions credits and payment of non-compliance penalties, and Navistar's efforts to develop and certify an engine at the 0.20 NOx standard that used SCR technology and communications with Navistar regarding the same.

- James Hebe: This person provided information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.20 NOx standard and EPA certification status, and communications with Navistar's customers about those efforts and about EPA certification status.

- William Jones: This person provided information regarding, among other things, potential Navistar compliance issues, including a contention that Navistar made misleading, incomplete and late disclosures of diesel engine EPA certification (and business) issues concerning compliance efforts/failures to meet 2010 NOX emissions standards, and that Navistar failed to timely disclose that it had no viable alternative to its EGR strategy in the event of certification failure.

- Martin Keller: This person provided information regarding, among other things, Navistar's efforts to develop and certify an EGR-only engine at 0.20g NOx before Navistar's emissions credits expired.

- Greg Lapp: This person provided information regarding, among other things, Navistar's efforts to develop and certify an EGR-only engine at 0.20g NOx before Navistar's emissions credits expired.

- Brad Markell: We were unable to reach Mr. Markell and,

therefore, have no information to disclose.

- Brian Mooers: This person provided information regarding, among other things, Navistar's efforts to develop and certify an EGR-only engine at 0.20g NOx before Navistar's emissions credits expired.

- Greg Orehowsky: This person provided information regarding, among other things, the EPA certification process generally, Navistar's efforts to develop and certify an EGR-only engine at the 0.20 NOx standard and communications with Navistar regarding the same, Navistar's use of emissions credits and payment of non-compliance penalties, and Navistar's efforts to develop and certify an engine at the 0.20 NOx standard that used SCR technology and communications with Navistar regarding the same.

- Brian Sponheimer: This person provided information regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See also Sponheimer's analyst reports within SEC-AnalystReports-0000001- 0005230.

- Joel Tiss: This person provided information regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See also Tiss's analyst reports within SEC-AnalystReports-0000001- 0005230.

- Stephen Volkmann: This person provided information

regarding, among other things, coverage of Navistar as an analyst, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, Navistar's and Ustian's disclosures regarding the company's efforts to develop and certify EGR-only technology to comply with the 0.20 NOx standard and the progress of those efforts, and the features that make a truck competitive in the market. See also Volkmann's analyst reports within SEC-AnalystReports-0000001- 0005230.

- Mark Wohlford: This person provided information regarding, among other things, Navistar's efforts to develop and certify an EGR-only engine at 0.20g NOx before Navistar's emissions credits expired.

Pursuant to the whistleblower privilege and the confidential informant privilege, we will not identify additional information for Whistleblower 1, 2 and 3.

**INTERROGATORY NO. 3**: IDENTIFY each COMMUNICATION

between YOU and the EPA CONCERNING the SUBJECT MATTER OF

THE LITIGATION.

**RESPONSE**: The SEC has produced to Ustian all emails between the

SEC and EPA. Further answering, as reflected by the SEC's privilege log, the

SEC conducted an interview of Greg Orehowsky and Justin Greuel on January

28, 2014, an interview of Byron Bunker on March 11, 2014, and an interview

of Greg Orehowsky, Byron Bunker, and Justin Greuel on October 21, 2014.

Additionally, the SEC had occasional calls with EPA attorney David

Dickinson, primarily to discuss purely logistical matters, such as the status of

document productions and related issues.

**INTERROGATORY NO. 4**: IDENTIFY all evidence, including

DOCUMENTS, COMMUNICATIONS, witness statements, and testimony

that supports YOUR allegation that the EPA planned not to, or was unlikely

to, approve the CERTIFICATION APPLICATIONS.

    **RESPONSE**: The SEC objects to the demand for "all evidence." *See*

General Objection No. 3 hereto. Further responding, the following evidence

establishes the EPA's concerns about Navistar's certification applications:

<u>The February 21, 2011 Certification Application</u>

- The February 21, 2011 Certification Application Navistar submitted to the EPA was incomplete. In the months before Navistar's February 21, 2011 Application was submitted to the EPA, the EPA told Navistar it would not accept Navistar's use of test results from its current 0.50 NOx engine to satisfy durability testing requirements, known as Deterioration Factor testing, for its proposed 0.20 NOx engine because significant differences existed between the two engines. (Ex. 288, NAV00445768-70; Ex. 237, NAV00295827-30; Ex. 241, NAV00332226-27; Ex. 155, NAV00295802-08; Ex. 139, NAV00383016-18; Ex. 156, NAV00369267-68; Ex. 158, NAV00347985; and Ex. 243, NAV00526659-60) This is confirmed in statements by EPA officials Byron Bunker, Gregory Orehowsky, and Justin Greuel, and testimony by David Piech (Tr. at 257-58), Ramin Younessi (Tr. at 117-18), and Tom Kramer (Tr. 138-139, 149-54).

- As confirmed in the above emails and in an email Kramer sent to Orehowsky and internally at Navistar, on February 21, 2011 (Ex. 157, NAV00332376-2440' Ex. 158, NAV00347985), despite the EPA expressly stating that it would not accept Navistar's use of its 0.50 NOx engine Deterioration Factor test results in its 2011 Application, Navistar submitted the 2011 Application without conducting new Deterioration Factor testing. The 2011 Application (Ex. 157, NAV00332377-440) and statements by Bunker, Orehowsky, and Greuel also confirm this, as does testimony by Kramer (Tr. at 160-64)

- As evidenced in the EPA's communications with Navistar and other documents, among other concerns with the February 21, 2011 Application, the EPA continued to insist that Navistar run new Deterioration Factor testing. (Ex. 443, NAV00453766-67; Ex. 290, NAV00371771; Ex. 610, NAV00450872; Ex. 543, NAV00375417-18; Ex. 544, NAV00369379; Ex. 159, NAV00384063-65; Ex. 160, NAV00326017-18; Ex. 161, NAV00418111-12; and Ex. 289, NAV00371838) This is also confirmed in statements by EPA officials Bunker, Orehowsky, and Greuel, and in testimony by Tom Kramer (Tr. at 198-200, 271-73), Steve Ostarello (Tr. at 86-88), and Dan Ustian (Tr. at 669-71).

- During spring 2011, Navistar engineers questioned whether they could run a Deterioration Factor test on the engine that was the subject of the 2011 Application without the engine experiencing component failure. (Ex. 289, NAV00371838; Ex. 610, NAV00450872-73; Ex. 544, NAV00369379; and Ex. 160, NAV00326017-18) This is confirmed in testimony by Titus Iwaszkiewicz (Tr. at 97-98) and Tom Kramer (Tr. at 192-93).

- As Dan Ustian testified, later in 2011, Navistar, with

Ustian's input and approval, abandoned efforts to gain approval of the 2011 Application. (Ustian Tr. At 413-14, 613-15, 617, 633)

## The January 31, 2012 Certification Application

- During a December 16, 2011 meeting, the EPA told Navistar that there were issues with the engine Navistar proposed to submit in its January 31, 2012 Certification Application, in particular that an engine using a dual mapping strategy in the manner described by Navistar would not meet EPA standards. (Ex. 293, NAV00412733-41; Ex. 509, NAV00433542R-53R; Ex. 579, NAV00531783; Ex. 294, NAV00539658; and NAV00536182) On December 16, 2011, immediately after meeting with Navistar, EPA official Byron Bunker emailed Patrick Charbonneau, who attended the meeting, with "important takeaways from the meeting," including: "First as we discussed, under the Clean Air Act and our regulations EPA can not [sic] issue a certificate (conditional or otherwise) unless the engine meets the [three certification] requirements. The engine described today by the Navistar team for certification in February does not appear to meet these requirements." (Ex. 581, NAV00449019) Titus Iwaszkiewicz confirmed in testimony that the EPA did not agree with Navistar's dual mapping strategy and that Bunker's subsequent email was consistent with what happened at the December 16, 2011 meeting. (Iwaszkiewicz Tr. at 553-554, 559-60) This is also confirmed by statements by Bunker, Greuel and Orehowsky.

- The EGR-only engine described in the January 2012 Application (Ex. 167, NAV00418463-559) included dual mapping technology similar to that discussed at the December 16, 2011 meeting and which the EPA previously indicated "does not appear to meet [certification] requirements." (Ex. 581,

NAV00449019; Ex. 345, NAV00311933- 34; Ex. 511,
NAV00573100-07; and NAV00561414; Ex. 46, NAV
00319203-04).

- On February 17, 2012, the EPA provided Navistar
  with a written response to Navistar's January 2012
  Application. The EPA's written response included an
  email from the EPA to Navistar and a five-page
  attachment to the email with the EPA's preliminary
  concerns on the January 2012 Application. (Ex. 167,
  NAV00418463-559)

- The EPA's February 17, 2012 email in response to
  Navistar's January 2012 Application stated, in
  pertinent part: "After reviewing your application, our
  preliminary view is that Navistar's application for a
  certificate of conformity raises several serious concerns
  that would need to be discussed and resolved before a
  decision could be made to approve the application." A
  five-page attachment to the email outlined the EPA's
  concerns and set forth what additional information
  and changes to the engine or testing protocol the EPA
  likely would need from Navistar before it could
  approve the January 2012 Application.

- One of the concerns identified by the EPA in its
  February 2012 response was whether Navistar met the
  0.20 NOx standard on two certification tests. The
  EPA told Navistar: "[These two certification tests]
  appear to have been conducted without the Safe Mode
  Operation AECD active. However, based on our
  understanding of this AECD, it would be active in-use
  . . . . When activated, this AECD switches to a high
  NOx calibration which exceeds the [Not To Exceed]
  limit over the entire engine operating map. Therefore,
  this engine family could not possibly comply with the
  NOx standard over the [two tests]. . . . We should
  discuss whether and how the procedures should
  appropriately be changed to result in more

representative measurements. For example, Navistar could demonstrate that the engine complies over all test cycles with the AECD active as it would be under operating conditions typical of the cycles." The EPA also expressed concern that Navistar's Safe Operating Mode AECD might be a "defeat device," or a prohibited strategy that "reduces the effectiveness of the emission control system under conditions which may reasonably be expected to be encountered in normal vehicle operation and use."

- The EPA asked Navistar to justify why its Safe Operating Mode AECD was not a defeat device, given that "the only time the strategy would not be active is in the emissions test cell," and "[i]n effect the AECD appears to largely disable the emission control system during almost all in-use operation." Additional concerns that the EPA outlined in this email attachment related to some of the same issues, such as the lack of new Deterioration Factor testing, that the EPA had raised with Navistar in 2011 when the EPA told Navistar that it believed that Navistar's 2011 Application did not meet the EPA's certification requirements. Statements by Bunker, Greuel and Orehowsky confirm the EPA's serious concerns as discussed above. See also Ex. 167, NAV00418463-559; NAV00683594; NAV00729220; NAV00729997; Ex. 254, NAV00425768; Ex. 585, NAV00547285; Ex. 695, NAV00425774); Thomas Kramer Tr. 267-91, Titus Iwaszkiewicz Tr. 300-04; Daniel Ustian Tr. 838-40; Russ Zukouski Tr. 159-62; Eric Tech Tr. 120-21; Matthew Smith Tr. 102-06; Steve Ostarello Tr. 215-32.

- The EPA further discussed its concerns with Navistar's January 31, 2012 Certification Application during a February 23, 2012 meeting. (Ex. 169, NAV00384263-NAV00384270). Statements by Orehowsky, Greuel, and Kramer confirm what was discussed at this meeting.

- On February 27, 2012, Navistar provided the EPA with an eight-page written reply and asked that its application be approved immediately. (Ex. 170, NAV00418560-94) Navistar's reply included challenges to the EPA's interpretation of its regulations. Navistar submitted no new testing results and made no changes to its certification testing protocol or to the engine covered by the January 2012 Application in response to the EPA's February 17, 2012 response. This is confirmed by statements by Greuel and Orehowsky. After receiving Navistar's reply, the EPA never indicated to Navistar that it agreed with any of Navistar's arguments or that its positions on Navistar's January 2012 Application had changed from those it set forth in its February 17, 2012 response. This is confirmed by statements by Bunker, Greuel and Orehowsky, testimony by Iwaszkiewicz (Tr. at 308) and Kramer (Tr. at 310-11), and an email from Greuel to Iwaszkiewicz on March 1, 2012 (Ex. 845, NAV00571341-42). See also Ex. 172, NAV00312064.

- On March 28, 2012, Ustian met with an elected official to ask the elected official to assist Navistar in obtaining EPA certification of Navistar's EGR-only engines. Ustian told the elected official that Navistar had "struggled" to get an engine certified at the 0.20 NOx standard and that it was at a "stalemate" with the EPA, and that as a result of the EPA's failure to certify a Navistar engine at the 0.20 NOx standard, Navistar was "getting to the point where we can't ship product." (Ex. 327, NAV00544009-11) This is confirmed in testimony by Patrick Charbonneau (Tr. at 310-312).

- Throughout March and April 2012, the EPA advised Navistar that it continued to have concerns about Navistar's January 2012 Application. The EPA repeatedly reiterated that it could not certify Navistar's

engine if it was designed to meet the 0.20 NOx standard only in a testing laboratory and not in-use on the road. (Ex. 174, NAV00346402-11; Ex. 850, NAV00727683-86; Ex. 650, NAV00325756-58; Ex. 218, NAV00418596-97; Ex. 700, NAV00416032-33; Ex. 143, NAV00366006)

- On March 14, 2012, the EPA reiterated its position that Navistar's certification tests results must meet 0.2 NOx with the AECD engaged, as the engine would operate when in-use, and confirmed that once that issue was resolved, Navistar still needed to address the remaining issues in its February 17, 2012 response. (Ex. 174, NAV00346402-11) Bunker sent a similar follow up email on March 16, 2012. (Ex. 850, NAV00727683-86)

- Then, on March 23, 2012, the EPA reminded Navistar of the changes Navistar made to Navistar's testing protocol to receive its NCP certificates and informed Navistar that the EPA was "patiently waiting for Navistar to provide us similar test results" for Navistar's 0.2 NOx application and that the EPA would "respond promptly once Navistar has appropriately tested the engines, submitted compliant results to the Agency, and in the case of the 13 liter 0.2g engine addressed the other issues raised in Justin's email of February 17, 2012." (Ex. 650, NAV00325756-58; Ramin Younessi Tr. 266-70; Patrick Charbonneau Tr. 320-30) The EPA also reiterated that "[y]ou cannot have one emissions control configuration for taking an EPA compliance test and a different emission control configuration for installation in a vehicle, if the differences result in measurements that are not representative of the in-use configuration." That EPA continued to raise these concerns with Navistar are confirmed by statements by Bunker, Greuel, and Orehowsky. (Thomas Kramer Tr. 346-75; Ramin Younessi Tr. 275-92; Patrick

Charbonneau Tr. 344-55; Eric Tech Tr. 130-39; Steve Ostarello Tr. 248-52)

- Navistar engineers expressed skepticism that Navistar's EGR-only engine could ever limit emissions to 0.20 NOx while in-use and also offer the competitive performance features that would make it a marketable engine. Following an April 5, 2012 meeting with the EPA discussing Navistar's efforts to certify an EGR-only engine at the 0.20 NOx standard, Iwaszkiewicz described the engine in the January 2012 Application as "FUBAR forget about it!" based on the EPA's feedback. (Ex. 218, NAV00418596-97)

- On that same day, responding to another Iwaszkiewicz email, Ostarello indicted that Navistar needed a new methodology for certification at the 0.20 NOx standard. (Ex. 700, NAV00416032-33). In yet another April 5, 2012 email, Iwaszkiewicz wrote that "I'm fairly sure that 783.2 will NOT be approved in its current implementation. Will require significantly more elaborate enabling logic to pass the 'red face test.'" (Ex. 143, NAV00366006; Steve Ostarello Tr. 315-21; Brian Pavlicek Tr. 164-87)

- By mid-April 2012, Navistar engineers started work on a new certification application for the 783.2 program. In response to an April 19 meeting between the EPA and Navistar (Ex. 176, NAV00325963-65), Ostarello wrote in an email: "EPA will not certify us as we have submitted, we have to revise our methods of how and what we are testing. We are meeting the next few days to see what and how we can meet what EPA is looking for." (Ex. 298, NAV00510367) Kramer also wrote in an April 19, 2012 email: "Suffice to say-Bunker won't budge. No to the cert using 0.5g 'whenever the truck starts to move.'" (Ex. 178, NAV00513649-50) Handwritten notes from Navistar employees at the April 19 meeting reflect that the EPA

would not certify Navistar's engine at 0.20 NOx and plans to make changes to the engine. (Ex. 177, NAV00384284-86; NAV00445798) This is confirmed by statements by Bunker, Greuel, and Orehowsky. (Thomas Kramer Tr. 347-75; Steve Ostarello Tr. 248-67; Eric Tech Tr. 130-39; Ramin Younessi Tr. 275-92; Patrick Charbonneau Tr. 344-55)

- Navistar employees and the EPA had further meetings and telephone calls in late April and early May, 2012 to discuss Navistar's changes to its EGR-only engine to receive certification at the 0.20 NOx standard. (Ex. 180, NAV00384297-306; Ex. 181, NAV00384224-31; Ex. 182, NAV00384280-83; Ex. 183, NAV00384277; Ex. 184, NAV00332163; Ex. 185, NAV00384271-76; Ex. 514, NAV00563757-61; Ex. 515, NAV00558393; Ex. 948, ASGK-NAV-E-5981- 88; SEC-EPA-E-0000023-24; and SEC-EPA-E-0000025-26). As reflected in the above documents and statements by Bunker, Greuel, and Orehowsky, Navistar informed the EPA of the technical changes it made to the engine (including a new feature to replace the Safe Operating Mode AECD) and the resulting decrease in fuel economy and performance in this engine. As further confirmed in the above documents and statements by Bunker, Greuel, and Orehowsky, the EPA again stressed with Navistar the points that were problems with its previous application and the proposed changes. (Thomas Kramer Tr. 393-62; Patrick Charbonneau Tr. 363-68; Ramin Younessi Tr. 126-29; 307-14; Titus Iwaszkiewicz Tr. 605-10; Kathleen Cantillon Tr. 35-55; Eric Sedler Tr. 48-63.)

- On May 10, 2012, Navistar withdrew its January 2012 Application. (NAV00335638)

The May 21, 2012 Certification Application

- On May 21, 2012, Navistar submitted another

26

application for certification of a 13-liter EGR-only engine at the 0.20 NOx standard (the "May 2012 Application"). (NAV00332302)

- Navistar employees met with the EPA on May 30, 2012 and June 4, 2012 to discuss the May 2012 Application. During these meetings the EPA conveyed its significant concerns about the May 2012 Application. (Ex. 300, NAV00445802-05; Ex. 121, NAV00440890-95; Ex. 226, NAV00366076 –77; SEC-EPA-E-0000040-41; and SEC-EPA-E-0000063-66) At the end of the May 30 meeting, the EPA told Navistar that if they had to decide whether to approve the application that day, the answer would be no and made very clear what the expectations were to get certification. Statements by Greuel, Orehowsky, and Bunker confirmed what was discussed in the May 30 meeting. (Thomas Kramer Tr. 465-74; Russell Zukouski Tr. 188-96; Rogelio Rodriguez Tr. 188-95; Patrick Charbonneau Tr. 420-26; Titus Iwaszkiewicz Tr. 417-28; Daniel Ustian Tr. 1129-39; Ramin Younessi Tr. 371-78; David Piech Tr. 417-27; Steve Ostarello Tr. 267-74)

- During the June 4, 2012 meeting, the EPA told Navistar that the EPA continued to have serious concerns about Navistar's May 2012 Application. (Ex. 516, NAV00558383; Ex. 128, NAV00384186-91; Ex. 230, NAV00529361; SEC-EPA-E-0000063-66; Ostarello Tr. at 89; Charbonneau, Tr. at 436-38, 455-56) This is confirmed by statements by Greuel, Orehowsky, and Bunker. The concerns the EPA discussed included some of the same concerns that the EPA had raised with Navistar regarding the January 2012 Application, such as the concern that this engine limited emissions to 0.20 NOx during testing in a laboratory but operated above the 0.20 NOx standard when in-use on the road. At the June 4, 2012 meeting, the EPA discussed Navistar withdrawing the May

2012 Application and NCPs being Navistar's only option going forward. (Ex. 128, NAV NAV00384190; Statements by Greuel and Bunker) As the meeting took place, Iwaszkiewicz, who was in attendance at the meeting, sent emails to Ostarello and Wang stating that the EPA's response was "unequivocally NO!" to Navistar's May 2012 Application. (Ex. 228, NAV00453078-80; Ex. 229, NAV00453082-84)

• Immediately after leaving the June 4, 2012 EPA meeting, Patrick Charbonneau, who attended the June 4, 2012 EPA meeting, called Ustian to update him on what happened at the meeting. (Ex. 228, NAV00453078-80; Ex. 864, NAV00529088-92; NAV00576249) After he finished talking to Ustian, Charbonneau updated other attendees at the June 4, 2012 EPA meeting about his call with Ustian. (Iwaszkiewicz Tr. at 441-43) After that update, Iwaszkiewicz sent an email to his supervisor and a colleague informing them: "Dan put the gag order on us. We are only allowed to say 'the agency has heard everything and will reply with a written summary. Please disregard my previous communication.'" (Ex. 228, NAV00453078-80)

• Following the June 4, 2012 meeting, the Navistar attendees sent emails summarizing the EPA's feedback at the meeting. On the night of June 4, 2012, Kramer sent an email to his colleagues describing their discussions with the EPA earlier that day, including that the EPA's "major concern is the .2g design does not follow CfR [sic] part 1065.10. In-use must produce emissions same as regulatory test cycles." (Ex. 230, NAV00529361) Iwaszkiewicz sent an email to his colleagues on June 5, 2012 indicating that the EPA viewed the engine described in Navistar's May 2012 Application as a "blatant attempt to circumvent the regulations." (Ex. 524, NAV00366066)

- On June 5, 2012, Bunker emailed Charbonneau that "As I said yesterday, based on the information provided, I believe that your engine is unlikely to receive a certificate of conformity as it is currently designed . . . As we made clear previously, 40 CFR 1065.10 requires that engines be tested in a manner that would result in emissions rates equivalent to those that would result using the same engine configuration installed in a vehicle. For this engine [described in the May 2012 application], that emission result is 0.42g/hp-hr not 0.20g/hp-hr." (Ex. 668, NAV00415943-44) Ustian testified that he understood that the EPA would not certify the May 2012 Application without further changes to the engine by Navistar. (Ustian Tr. at 1187)

- On June 15, 2012, the EPA provided Navistar with a written response to Navistar's May 2012 Application. The EPA's written response included an email from the EPA to Navistar and an eight-page attachment to the email. (Ex. 190, NAV00413102-11)

- The EPA's June 15, 2012 response to Navistar's May 2012 Application stated in pertinent part: "After reviewing your application, our view is that Navistar's application for a certificate of conformity raises several serious concerns that would prevent EPA from being able to grant a certificate of conformity." (Ex. 190, NAV00413102-11)

- The eight-page attachment to the email outlined the EPA's concerns and set forth what additional information the EPA believed it likely would need from Navistar regarding the application. The concerns set forth in the EPA's June 15, 2012 response were the same concerns raised by the EPA at the June 4, 2012 meeting. One concern identified by the EPA in its June 15, 2012 response related to Navistar's test results on the two tests that the EPA had raised

concerns about in response to the January 2012 Application. (Ex. 190, NAV00413102-11)

- In its June 15, 2012 response, the EPA stated in pertinent part: "With Map B active, NOx emissions over both test cycles exceed the applicable NOx standard by 60 to 115 percent. . . . In this case, it appears that testing without Map B active results in unrepresentative emissions measurements [on these two tests and on a third laboratory test]. The current Map A and Map B design results in compliance with the applicable NOx emission standard only in the test cell and not in-use. The Map B emissions appear to be very similar to Navistar's calibration for [its 0.50 NOx engines]." (Ex. 190, NAV00413102-11)

- The EPA also informed Navistar that it was assessing whether the feature that switched the engine from Map A to Map B when the engine was moving "raises potential concerns with regard to the prohibition on defeat devices." Another of the concerns raised by the EPA in its June 15, 2012 response related to the lack of new Deterioration Factor testing. (Ex. 190, NAV00413102-11)

- On July 6, 2012, Navistar announced in an operational update call that it would transition to a new emissions solution that incorporated SCR technology to meet the 0.20 NOx standard. (Ex. 56)

**INTERROGATORY NO. 5**: IDENTIFY all evidence, including

DOCUMENTS, COMMUNICATIONS, witness statements, and testimony

that supports YOUR allegation that USTIAN'S statements CONCERNING

the CERTIFICATION APPLICATIONS were untrue, misrepresentative, or

incomplete.

**RESPONSE**: The SEC objects to the demand for "all evidence." *See* General Objection No. 3 hereto. The following evidence establishes the untrue, misrepresentative or incomplete nature of those public statements by Ustian as alleged in the Complaint:

<u>The November 2010 Press Release</u>

- On November 3, 2010, Navistar issued a press release regarding a facility tour for media and securities analysts at the company's Huntsville, Alabama engine plant (the "November 2010 Press Release"). (Ex. 833, NAV00518147) Ustian reviewed, approved, and provided a quote for the November 2010 Press Release. (Ustian Tr. at 582-84) The November 2010 Press Release stated in pertinent part: "Navistar also advised that it has submitted certification to the EPA for its MaxxForce 15 and plans to submit for EPA certification of its MaxxForce 13 at 0.2g NOx in the next few months, far ahead of when high volume production of the 0.2g NOx-certified MaxxForce 13 would be required."

- The "MaxxForce 15" that Navistar and Ustian referred to in the press release was a 15-liter engine that Navistar was submitting for certification above 0.20 NOx. (Ex. 833, NAV00518147) Navistar had developed this engine to the point that it had competitive fuel economy and other performance features compared to other 15-liter engines being sold in the marketplace. Because the MaxxForce 15 engine was competitive with other 15-liter engines in the marketplace, Navistar and Ustian intended to, and ultimately did, sell this engine upon certification from the EPA. (Ustian Tr. 634) The "MaxxForce 13 at 0.2g NOx" that Navistar referred to in the press release was a 13-liter engine that Navistar still was developing for

31

certification at the 0.20 NOx standard using EGR-only technology and which lacked competitive fuel economy and other performance features compared to other 13-liter engines being sold in the marketplace. (Ex. 136; NAV00573227; Ex. 110, NAV00372580-81; Ustian Tr. at 588-89)

- In the context of a discussion otherwise devoted to engines being sold, or intended to be sold, in the marketplace, the November 2010 Press Release referenced a certification application for a 13-liter engine at the 0.20 NOx standard. In fact, unlike the other engine referenced in the press release, Navistar could not produce and sell that 13-liter engine in the marketplace even if the EPA issued a Certificate for it because Navistar had not yet developed its EGR-only technology to the point that in the next few months it could obtain certification at the 0.20 NOx standard while also offering competitive performance features. (Ex. 136; NAV00573227; Ex. 110, NAV00372580-81; Ustian Tr. at 588-89)

The December 2010 Analyst Conference Call

- On December 22, 2010, Ustian and other Navistar executives conducted a conference call with securities analysts (the "December 2010 Analyst Call") in conjunction with Navistar's filing of its fiscal year 2010 annual report on Form 10-K. (Ex. 35) During the December 2010 Analyst Call, a securities analyst asked in pertinent part: "[O]n the 13 liter in terms of certifying that at 0.2, what kind of timeline do you think we are looking at there?" Ustian responded in pertinent part: "[W]e will submit that over the next couple of months I believe. . . . [W]e would be able to show you the data that it meets 0.2 and show you how we are able to meet it. But as far as the customers, he is not going to know the difference. Nothing looks any different."

- Later during the call, another securities analyst asked

Ustian in pertinent part: "Dan, can you talk about the fuel efficiency of your 13-liter 0.2 NOx versus an equivalent SCR 0.2 NOx engine? Do you anticipate running those comparisons?" Ustian responded in pertinent part: "The fuel economy of the 0.2 will be better and there will be no change in heat rejection at the same time. So this product will be even better." When the analyst followed up with a question about whether this engine would be "better than an equivalent SCR 0.2 NOx," Ustian responded: "Well, our strategy has been we will be equal to any SCR – the best of any SCR product that is out there. So we are assuming the SCR product gets a little better too, and that is what we are going to be able to do with getting to 0.2."

- Ustian deceived investors through his statements in the call that the EGR-only engine that Navistar planned to submit to the EPA in the next few months offered better fuel economy and performance features than either Navistar's current 0.50 NOx engines or its competitors' SCR engines. At the time he made these statements on December 22, 2010, Navistar's 13-liter engine was not yet capable of limiting emissions to 0.20 NOx while also offering "better" fuel economy and other performance features than Navistar's competitors' SCR engines or even fuel economy and other performance features equal to Navistar's existing 0.50 NOx engines such that the customer would not "know the difference." (Ex. 136; NAV00573227; Ex. 110, NAV00372580-81; Ustian Tr. at 588-89) Navistar would also not be able to offer these advancements in fuel economy and performance in "the next couple of months" and thus would not be able to submit a certification application to the EPA in the next couple of months for a 13-liter 0.20 NOx EGR-only engine with competitive performance features that could be produced and sold in the marketplace. (Ex. 136; NAV00573227; Ex. 110, NAV00372580-81; Ustian

Tr. at 588-89)

The March 2011 Analyst Conference Call

- On March 9, 2011, Ustian and other Navistar executives conducted a conference call with securities analysts (the "March 2011 Analyst Call") in conjunction with Navistar's filing of its first quarter 2011 quarterly report on Form 10-Q. (Ex. 38) During the March 2011 Analyst Call, before taking any questions from securities analysts, Ustian addressed Navistar's 2011 Application, stating in pertinent part: "Now let's talk about in-cylinder 0.2. One of our challenges, perhaps as difficult a challenge as the technology itself, was the marketing side of our solution, which is in-cylinder. Since we were the only ones out there, there is a lot coming at us with this can't work and, of course, now we are out in the marketplace and that's over. That argument is over. We are out there in the marketplace. We are exceeding what we had committed to in terms of performance and fuel economy and all that. So that's over. We want to get in front of the 0.2 now, because we can anticipate there is a next one coming out that 0.2 can't be done. So what we did is we submitted to the EPA a certification of 0.2 to take that argument away. We don't plan on using this for awhile, but we are going to have it out there on the shelf that says it can be done and we can meet the standards and get all of the performance features, as well. So [t]hat's what we have done. When you hear about that, it's not that it's coming into production tomorrow. It's just to get it out there and take all that argument away."

- Ustian's statements that that the engine covered by the 2011 Application would be "out there on the shelf that says it can be done and we can meet the standards and get all of the performance features, as well," and "[w]hen you hear about that, it's not that it's coming into production tomorrow. It's just to get it out there

and take all that argument away," were false and/or misleading. The engine covered by the 2011 Application (the engine that was "on the shelf") did not meet the EPA's certification requirements, did not yet offer competitive performance features, and was not drivable or sellable. (NAV00372103- 04; Ex. 288, NAV00445768-70; Ex. 237, NAV00295827-30; Ex. 241, NAV00332226-27; Ex. 155, NAV00295802-08; Ex. 139, NAV00383016-18; Ex. 156, NAV00369267-68; Ex. 158, NAV00347985; Ex. 243, NAV00526659-60; Ex. 167, NAV00418463-559; NAV00683675RR; statements by EPA officials Byron Bunker, Gregory Orehowsky, and Justin Greuel; David Piech Tr. at 257-58; Ramin Younessi Tr. at 117-18; Tom Kramer Tr. 138-139, 149-54, 271-73; Steve Ostarello Tr. at 86-88; and Dan Ustian Tr. at 418-22, 620-23, 669-71, 677-78)

The April 2011 Press Release

- On April 5, 2011, Navistar issued a press release (the "April 2011 Press Release") with the headline "Navistar Receives EPA Certification for MaxxForce DT Mid-Range Diesel Engine at 0.39g NOx" and the sub-headline "With EPA and CARB [California Air Resources Board] Certification of MaxxForce® 15, Submission of MaxxForce® 13 at 0.2g NOx, Company Continues to Make Strides in its In-Cylinder Emissions Technology Path." (Ex. 14) Ustian reviewed and approved the April 2011 Press Release before Navistar issued it. (Ex. 541, NAV00319209-10; NAV00450249) In the April 2011 Press Release, Navistar announced that it had received certification for two engines at levels higher than the 0.20 NOx standard: a mid-range diesel engine and a 15-liter engine, the "MaxxForce 15." In the April 2011 Press Release, Navistar then addressed its 2011 Application, stating: "In addition, Navistar also recently submitted its MaxxForce 13 at 0.20g NOx for EPA certification, once again reiterating its prime

technology path in meeting the 0.20g NOx standard through in-cylinder technologies. The company intends to phase-in its engines at progressively lower emissions levels (0.4g NOx, 0.35g NOx, 0.3g NOx, 0.25g NOx, etc.) in the years ahead in an effort to make emissions compliance as seamless as possible to its customers."

- In the context of a discussion otherwise devoted to applications and Certificates for engines being sold, or intended to be sold, in the marketplace, the April 2011 Press Release referenced the 2011 Application for certification of a 13-liter engine. In fact, as referenced above, unlike the other engines referenced in the press release, the engine described in the 2011 Application did not meet the EPA's requirements for certification and could not be put into production even if certified because it needed extensive development work before it would be drivable or could offer competitive performance features to be sold.

The December 2011 Annual Report

- On December 20, 2011, Navistar filed its annual report for its fiscal year 2011 on Form 10-K (the "December 2011 Annual Report") through the SEC's publicly-available EDGAR document filing system. (Ex. 47) Ustian reviewed and approved the December 2011 Annual Report before Navistar filed it. (Ustian Tr. at 786) He also signed and certified the December 2011 Annual Report in his capacity as Navistar's President and CEO. (Ex. 47)

- Navistar employees met with the EPA on December 16, 2011, four days before Navistar filed its December 2011 Annual Report. During that meeting, Navistar discussed its plans to submit in early 2012 a second application for certification of a 13-liter engine at the 0.20 NOx standard using Navistar's EGR-only technology, including how this proposed 0.20 NOx engine operated with dual mapping technology. (Ex.

46, NAV00319203-04) During the meeting, the EPA told Navistar that an engine using a dual mapping strategy in the manner described by Navistar would not meet EPA standards. (Ex. 293, NAV00412733-41; Ex. 509, NAV00433542R-53R; Ex. 579, NAV00531783; Ex. 294, NAV00539658; and NAV00536182) On December 16, 2011, immediately after meeting with Navistar, an EPA official emailed Navistar's Vice President of Government Relations, who attended the meeting, with "important takeaways from the meeting," including: "First as we discussed, under the Clean Air Act and our regulations EPA can not [sic] issue a certificate (conditional or otherwise) unless the engine meets the [three certification] requirements. The engine described today by the Navistar team for certification in February does not appear to meet these requirements." (Ex. 581, NAV00449019)

- Ustian received a copy of this email on December 16, 2011. (Ex. 46, NAV00319203-04) Titus Iwaszkiewicz confirmed in testimony that the EPA did not agree with Navistar's dual mapping strategy and that Bunker's subsequent email was consistent with what happened at the December 16, 2011 meeting. (Iwaszkiewicz Tr. at 553-554, 559-60) This is also confirmed by statements by Bunker, Greuel and Orehowsky.

- In Navistar's December 2011 Annual Report, which Navistar filed on December 20, 2011, just four days after its December 16, 2011 meeting with the EPA, Navistar stated in pertinent part: "We plan to submit certification applications to both EPA and CARB in the near future. We believe that our engines meet both agencies' certification requirements. We are engaged in ongoing discussions with officials from both EPA and CARB regarding potential regulatory solutions that would permit us to continue uninterrupted production of all of our engines. We cannot predict

the outcome of these discussions nor the effect they may have on our business or financial condition, results of operation or cash flows." (Ex. 47)

- The December 2011 Annual Report deceived investors through its misleading statement, "We plan to submit certification applications to both EPA and CARB in the near future. We believe that our engines meet both agencies' certification requirements." Just four days earlier the EPA had informed Navistar that it took the opposite view: the engine for which Navistar was preparing to submit its new certification application did not appear to meet the EPA's certification requirements. (Ex. 293, NAV00412733-41; Ex. 509, NAV00433542R-53R; Ex. 579, NAV00531783; Ex. 294, NAV00539658; Ex. 294, NAV00536182; Ex. 581, NAV00449019; Iwaszkiewicz Tr. at 553-554, 559-60; statements by Bunker, Greuel and Orehowsky)

- They also knew, but did not disclose, that Navistar would not be able to make all the changes the EPA said were required before submitting a new application. For example, Navistar's engine would continue to use dual mapping technology to keep emissions below the 0.20 NOx standard during emissions testing in a laboratory but above the 0.20 NOx standard when a vehicle was in motion. (Ex. 167, NAV00418463-559; statements by Bunker, Greuel and Orehowsky)

- Additionally, the December 2011 Annual Report stated in pertinent part, in its "Risk Factors: Our solutions for meeting U.S. federal and state emissions requirements may not be successful or may be more costly than planned." (Ex. 47) As the evidence above shows, in light of Navistar's difficulties in developing a 0.20 NOx engine that offered competitive performance features, the EPA's failure to approve Navistar's 2011 Application, and the EPA's expression to Navistar of the agency's concerns about

Navistar's proposed second application, Navistar already had experienced a lack of success with its EGR-only technology.

The March 2012 Quarterly Report and Press Release

- On March 8, 2012, Navistar filed its quarterly report for its first fiscal quarter of 2012 on Form 10-Q (the "March 2012 Quarterly Report") through the SEC's publicly-available EDGAR document filing system. (Ex. 20) Ustian reviewed and approved the March 2012 Quarterly Report before Navistar filed it. (Ustian Tr. at 122-24, 901) He also signed and certified the March 2012 Quarterly Report in his capacity as Navistar's President and CEO. (Ex. 20) The March 2012 Quarterly Report stated in pertinent part: "We reached a number of key milestones during the quarter that we believe will contribute to our long-term, strategic profitability goals. Advanced Exhaust Gas Recirculation ('EGR'), combined with other strategies, is our solution to meet ongoing emissions requirements. We formally submitted our 0.2g NOx in-cylinder engine certification data for our 13L engine to the United States Environmental Protection Agency ('EPA') on January 31, 2012, and to the California Air Resources Board ('CARB') on February 17, 2012 (collectively, our '0.2g NOx Engine Submission'). These submissions are under review by EPA and CARB and we are engaged in ongoing discussions relating to our engine certification." (Ex. 20)

- On March 8, 2012, Navistar also issued and filed a press release regarding its results for its first fiscal quarter of 2012 (the "March 2012 Press Release"). (Ex. 21) Ustian also reviewed and approved, and provided a quote for, the March 2012 Press Release before Navistar issued and filed it. (Ustian Tr. at 122-24, 901) In Ustian's quote for the March 2012 Press Release, he stated: "Strategically, we achieved a number of key milestones in the first quarter,

including our submission of a 0.2 NOx engine for EPA certification . . . ." (Ex. 21)

- The March 2012 Quarterly Report and the March 2012 Press Release deceived investors when they stated that Navistar's January 2012 Application was among the "milestones" that Navistar had achieved in the first quarter and when the March 2012 Quarterly Report stated that this application would "contribute" to Navistar's "long-term strategic profitability goals." In fact, as referenced above, Navistar already had experienced a lack of success regarding its EGR-only solution for certification of an engine at the 0.20 NOx standard. The EPA did not approve the 2011 Application and had told Navistar it would not accept aspects of the engine described in the January 2012 Application, such as the way Navistar's dual mapping technology operated and Navistar's lack of new Deterioration Factor test results. (Ex. 293, NAV00412733-41; Ex. 509, NAV00433542R-53R; Ex. 579, NAV00531783; Ex. 294, NAV00539658; NAV00536182; Ex. 581, NAV00449019; Ex. 167, NAV00418463-559; Ex. 345, NAV00311933- 34; Ex. 511, NAV00573100-07; NAV00561414; Ex. 169, NAV00384263-NAV00384270; Ex. 170, NAV00418560-94; Ex. 845, NAV00571341-42; Iwaszkiewicz Tr. at 308, 553-554, 559-60; and statements by Bunker, Greuel and Orehowsky)

- Additionally, Ustian's assessment was that the EPA certification process was proving to be a lot tougher for Navistar and was requiring more time and resources than it had in the past. (Ustian Tr. at 895, 908, 911, 913, 917, 919, 921) Navistar's statements in the March 2012 Quarterly Report and Ustian's quote in the March 2012 Press Release conflicted with what the EPA had told Navistar regarding its January 2012 Application, as referenced above.

The March 2012 Analyst Conference Call

- On March 8, 2012, Ustian and other Navistar executives conducted a conference call with securities analysts and the investing public (the "March 2012 Analyst Call") in conjunction with Navistar's filing of its first quarter 2012 quarterly report on Form 10-Q. (Ex. 16) Before taking questions from analysts during the call, Navistar disclosed that as part of Navistar's revised fiscal year 2012 earnings guidance, Navistar now was estimating that it would pay $25 million in NCPs during the fiscal year and that certain warranty charges would impact Navistar's financial performance. Later during the call, an analyst asked: "[T]hanks for the clarification on the $25 million NCP hit. Dan, could you . . . let us know how many months you are assuming the NCP payments continue for that $25 million hit?" Ustian responded: "[H]ere's maybe a way to look at it. We have submitted for the .2 and that goes through a process of – typically, that's about three months, I think, is about the average of that. When we get the certification, it still takes some time for us to get to production on this. So what we are doing right now is getting ready to go to production, and it will be about June before we can get into production with that particular engine. So that kind of gives you a framework of where it would be. As for the preciseness of it, we can't tell you, but our objective is to be in production on that in June."

- In Ustian's response, he was referring to Navistar's January 2012 Application for certification of a 13-liter EGR-only engine at the 0.20 NOx standard and Navistar's anticipated production of that engine after receiving a Certificate from the EPA. (Ustian Tr. at 907-10) Later during the call, another analyst asked: "[S]o it sounds like most of these warranty issues are all engine calibrations. Is it reasonable to assume that as you launch out the .2 engine that this [sic] potential for this to reoccur?" Ustian responded: "Well, I think that is a good question ... This is why we are taking

until June to go to production with it so that won't happen, but I think that's a fair question and we are doing the actions to prevent that from happening."

- Ustian misled investors and analysts through the March 2012 Analyst Call by stating that Navistar was "taking until June" to go to production of a 13-liter EGR-only engine that would be certified at the 0.20 NOx standard and aimed "to be in production on that in June," based on a "typical" certification process timeline of "about three months" from the date the certification application was submitted. In fact, as referenced above, the certification process for the January 2012 Application was not typical, the EPA had raised serious concerns about the application that Navistar had not yet resolved despite devoting more time and work than usual to the development and certification processes, and Navistar and Ustian had concerns that certification might not occur in time for production in June. (Ustian Tr. at 895, 907-21; Ex. 173, NAV00383897) Ustian's statements during the March 2012 Analyst Call conflicted with what the EPA had told Navistar regarding its January 2012 Application.

The June 2012 Quarterly Report

- On June 7, 2012, Navistar filed its quarterly report for its second fiscal quarter of 2012 on Form 10-Q (the "June 2012 Quarterly Report") through the SEC's publicly-available EDGAR document filing system. (Ex. 15) Ustian reviewed and approved the June 2012 Quarterly Report before Navistar filed it. (Ustian Tr. at 1216) He also signed and certified the Quarterly Report in his capacity as Navistar's President and CEO. (Ex. 15)

- The June 2012 Quarterly Report stated in pertinent part: "We submitted to the EPA an application for a 0.20g NOx engine certificate for one 13L engine family on January 31, 2012 and we submitted a

similar application to CARB on February 17, 2012, but later withdrew both applications. In response to certain concerns raised by the EPA, on May 21, 2012, we submitted a revised application to the EPA and plan to submit a revised application to CARB. Certain issues raised by the revised application are under review by the EPA, and we are engaged in ongoing discussions relating to certification of this engine family at 0.20g NOx." (Ex. 15)

- The June 2012 Quarterly Report deceived investors by stating that "in response to certain concerns raised by the EPA" Navistar submitted the May 2012 Application and that certain "issues" raised by the revised application merely were "under review." In fact, just days earlier, in response to the May 2012 Application, the EPA had informed Navistar and Ustian that Navistar's engine was unlikely to receive certification based on the engine's current design. (Ex. 300, NAV00445802-05; Ex. 121, NAV00440890-95; Ex. 226, NAV00366076 –77; SEC-EPA-E0000040-41; Ex. 516, NAV00558383; Ex. 128, NAV00384186-91; Ex. 230, NAV00529361; Ex. 228, NAV00453078-80; Ex. 229, NAV00453082-84; Ex. 230, NAV00529361; Ex. 524, NAV00366066; Ex. 668, NAV00415943-44; SEC-EPA-E0000063-66; Ostarello Tr. at 89; Ustian Tr. at 1187; statements by Greuel, Orehowsky, and Bunker)

- Navistar and Ustian knew that any additional changes to the engine to address the EPA's concerns would result in unacceptable performance trade-offs or require so much time for additional development work that Navistar would run out of emissions credits before it could receive certification. (Ex. 180, NAV00384297-306; Ex. 182, NAV00384280-83; SEC-EPA-E-0000023-24; SEC-EPA-E-0000025-26; Ex. 514, NAV00563757-61; Ex. 515, NAV00558393; Ex. 185, NAV00384271-76; SEC-WandJ-E-10685; Ex. 948, ASGK-NAV-E-5981-88; Ex. 656, NAV00450683-

87; Ex. 791, ASGK-NAV-E-2329-34; Ex. 819, ASGK-NAV-E-00002344-50; ASGK-NAV-E-6295; Ex. 120, NAV00372146-47; NAV00586371; Ustian Tr. at 1021-22) Navistar's statements in the June 2012 Quarterly Report conflicted with what the EPA had told Navistar regarding its May 2012 Application.

The June 2012 Analyst Conference Call

- On June 7, 2012, Ustian and other Navistar executives conducted a conference call with securities analysts and the investing public (the "June 2012 Analyst Call") in conjunction with Navistar's filing of its second quarter 2012 quarterly report on Form 10-Q. (Ex. 17) Before taking questions from analysts, Ustian stated in pertinent part: "We have submitted, as we spoke to you before about, an application for certification on our Class 8 engine family, and we are continuing to work with the EPA on that. EPA is at – for those of you that have followed us – also has an NCP rule that they are finalizing. Frankly, we don't want to use that. We want to get our 0.2 certification behind us and not use the NCP, but that is a backup that the EPA is working on. On the other hand, we are also getting ready as soon as that certification is approved we can go to instant production within 30 days. So, we have all the mechanisms in place to respond quickly once we get that certification approved."

- When Ustian referred to "an application for certification on our Class 8 engine family," he was referring to the May 2012 Application for certification of a 13-liter EGR-only engine at the 0.20 NOx standard. Later in the call, an analyst asked: "[W]e will start with EPA engine certification. You said in your Q that you resubmitted that, I think, in May. Do we have any idea what the difference [is] between what you submitted in February and what you submitted in May? And what are your views on when

and if this thing gets approved? And how much of that is built into your second-half forecast, which is just a massive sequential improvement?" Ustian responded: "Let's define what we did there. In working with the EPA, they asked us if there was some spots that they wanted us to modify, and so we did that. And we've been running tests on that to make sure they meet all the requirements, not just of the EPA but our own requirements on performance, et cetera. And so we resubmitted that back to them and we're in the process now of working with them on getting that certified. So there's where that stands. Of course, it's hard for us since it is somewhat out of our control to tell you exactly the timing of any of that so I hope you can appreciate that. But that's the process we're in right now."

- The analyst followed-up with another question: "Last time we were talking about this you said it would be three to four months for the approval process. Does that clock start again now in May?" Ustian responded in pertinent part: "No, of course not. Again, it's somewhat out of our control. But no, there is plenty of background out there now that it shouldn't take nearly as long. I could argue we should have been done with this, but we are not. So we have to go forward and get it done expeditiously. And we're all over the top of this every minute of every day, as you can imagine. And so now we are in that process."

- Ustian deceived investors through his misleading statements on the June 2012 Analyst Call that "[i]n working with the EPA, they asked us if there was some spots we wanted to modify, and so we did that. . . . And so we resubmitted that back to them and we're in the process now of working with them on getting that certified. So that's where that stands." Ustian's statements indicated that Navistar had made all of the modifications the EPA said were required for certification and that he was unaware of any facts

indicating that the EPA would not approve its application. In fact, the EPA had just told Navistar and Ustian days before the June 2012 Analyst Call that the May 2012 Application was unlikely to be approved based upon the current design of the engine. (Ex. 300, NAV00445802-05; Ex. 121, NAV00440890-95; Ex. 226, NAV00366076 –77; SEC-EPA-E-0000040-41; Ex. 516, NAV00558383; Ex. 128, NAV00384186-91; Ex. 230, NAV00529361; Ex. 228, NAV00453078-80; Ex. 229, NAV00453082-84; Ex. 230, NAV00529361; Ex. 524, NAV00366066; Ex. 668, NAV00415943-44; SEC-EPA-E-0000063-66; Ostarello Tr. at 89; Ustian Tr. at 1187; statements by Greuel, Orehowsky, and Bunker)

- Navistar had not made all of the changes the EPA said were required for certification. Any additional changes to the engine to address the EPA's concerns would result in unacceptable performance trade-offs or require so much time for additional development work that Navistar would run out of emissions credits before it could receive certification. (Ex. 180, NAV00384297-306; Ex. 182, NAV00384280-83; SEC-EPA-E-0000023-24; SEC-EPA-E-0000025-26; Ex. 514, NAV00563757-61; Ex. 515, NAV00558393; Ex. 185, NAV00384271-76; SEC-WandJ-E-10685; Ex. 948, ASGK-NAV-E-5981-88; Ex. 656, NAV00450683-87; Ex. 791, ASGK-NAV-E-2329-34; Ex. 819, ASGK-NAV-E-00002344-50; ASGK-NAV-E-6295; Ex. 120, NAV00372146-47; NAV00586371; Ustian Tr. at 1021-22) Ustian's statements in the June 2012 Analyst Call conflicted with what the EPA had told Navistar regarding its May 2012 Application.

- Ustian also deceived investors through his misleading statements during the June 2012 Analyst Call that "we've been running tests on that to make sure they meet all the requirements, not just of the EPA but our own requirements on performance, et cetera." As referenced above, Navistar had made technical

changes to the engine that sacrificed fuel economy and other performance features in the engine, making the engine's fuel economy and other performance features worse than Navistar's existing 0.50 NOx engines. As referenced above, by telling investors that Navistar was running tests to make sure the engine met not only the EPA's requirements but "our own requirements on performance, et cetera," Ustian misled investors into believing that the engine described in the May 2012 Application was commercially competitive when it had a degradation in fuel economy and performance compared to Navistar's current EGR-only engines. His statement was particularly misleading given the company's previous statements, including those on February 1, 2012, about the fuel economy and other performance features that its 0.20 NOx engines would have. (Ex. 48)

- Ustian also deceived investors through his misleading statements on the June 2012 Analyst Call regarding the timing of certification, such as "as soon as that certification is approved we can go into instant production within 30 days," his assertion that the certification clock did not restart in May — "No, of course not" —, "there is plenty of background out there now that it shouldn't take nearly as long" and "we have to go forward and get it done expeditiously. And we're all over the top of this every minute of every day, as you can imagine." As referenced above, in fact, the EPA would not approve the engine described in the May 2012 Application as it was currently designed, and any additional changes to the engine to address the EPA's concerns would either result in unacceptable performance trade-offs or require substantial time for additional development work. Ustian's statements in the June 2012 Analyst Call conflicted with what the EPA had told Navistar regarding its May 2012 Application.

- Ustian's statement, "We want to get our 0.2 certification behind us and not use the NCP, but that is a backup that the EPA is working on. On the other hand, we are also getting ready as soon as that certification is approved we can go into instant production within 30 days" was false. If certification were granted immediately, Navistar could not go into production on the engine covered by the May 2012 Application within 30 days. In fact, his statement directly contradicted Navistar's representation to the EPA on May 24, 2012 that it would "still take Navistar several months to be able to ship road-ready engines" even if certification happened the next day. (NAV00564959-965) Thus, his statement that Navistar "can go into instant production within 30 days" was false. Additionally, he also deceived investors by tying the "instant production" claim directly to concerns about the company's continued payment of NCPs. His statement that Navistar wanted to "not use the NCP" and that it was only "a backup" was misleading. As the company stated in its May 24, 2012 letter to the EPA, even if certification were awarded the next day, Navistar still would need to pay NCPs while it prepared its engines for production. (NAV00564959-965)

**INTERROGATORY NO. 6**: IDENTIFY all evidence, including DOCUMENTS, COMMUNICATIONS, witness statements, and testimony supporting YOUR allegation that "[i]t was unusual, if not unprecedented, for Navistar to submit a certification application to the EPA knowing that the engine that was the subject of the application could not be sold in the marketplace even if a Certificate were granted."

**RESPONSE**: The SEC objects to the demand for "all evidence." *See*

General Objection No. 3 hereto. Further responding, support for this allegation is reflected in the investigative testimony of Ustian (Tr. at 634), and of Rogelio Rodriguez (Tr. at 116-117). Further, it is anticipated that the trial testimony of Kristine Kubacki and Joel Tiss will support this proposition.

**INTERROGATORY NO. 7**: IDENTIFY all evidence, DOCUMENTS, COMMUNICATIONS, witness statements, and testimony supporting YOUR allegation that "[i]t was unusual, if not unprecedented, for Navistar to abandon a certification application to the EPA after the EPA failed to approve the application, as Navistar did with the 2011 Application."

**RESPONSE**: The SEC objects to the demand for "all evidence." *See* General Objection No. 3 hereto. Further responding, support for this allegation is reflected in the investigative testimony of Thomas Kramer (Tr. at 39-40, 48-49) and of David Piech (Tr. at 53-54).

**INTERROGATORY NO. 8**: IDENTIFY all evidence, including DOCUMENTS, COMMUNICATIONS, witness statements, and testimony supporting YOUR allegations that analysts and investors were materially misled by USTIAN'S and/or NAVISTAR'S statements or conduct that YOU allege to be misleading in the COMPLAINT, including but not limited to the November 3, 2010 Press Release, December 22, 2010 Analyst Conference Call,

FEBRUARY 21, 2011 APPLICATION, March 9, 2011 Analyst Conference Call, April 5, 2011 Press Release, December 20, 2011 Annual Report, March 8, 2012 Press Release, March 8, 2012 Quarterly Report, March 8, 2012 Analyst Conference Call, March 22, 2012 Truck Show Press Release, June 7, 2012 Quarterly Report, and the June 7, 2012 Analyst Conference Call

**RESPONSE**: The SEC objects to the demand for "all evidence." *See* General Objection No. 3 hereto. Further, the SEC asserts that this interrogatory is premature, as the issue of materiality will be informed by expert testimony, which has not yet occurred. Accordingly, the SEC reserves the right to supplement its response to this interrogatory. Subject to and without waiting such objections, the SEC states that EPA certification of an EGR 0.20 NOx engine was important for Navistar, and thus to its investors, because without certification, Navistar would be subject to financial penalties and/or have to source compliant engines from third-parties. As Navistar conceded, either eventuality would have threatened the viability of the company. The importance of the EPA certification of Navistar's EGR 0.20 NOx engine is manifested in several types of communications, including: Navistar's public disclosures, Navistar employee testimony, internal Navistar communications, communications with lobbyists and public relations firms

hired by Navistar, communications with politicians contacted to influence the EPA certification decision, as well as in questions asked by stock analysts that followed Navistar. While such evidence is too voluminous to list in its entirety here, it includes but is not limited to:

- NAV00304259 – NAV00304260
- NAV00236312 – NAV00236313
- NAV00418029
- NAV00236241 – NAV00236243
- NAV00122648 – NAV00122649
- NAV00727831 – NAV00727834
- NAV00726178 – NAV00726180
- NAV00548585 -  NAV00548586
- NAV00121521 – NAV00121524
- NAV00121665 – NAV00121667
- NAV00122648 – NAV00122649
- NAV00137396
- NAV00575719 – NAV00575721
- NAV00541437 – NAV00541439
- NAV00226304 – NAV00226305
- NAV00729625 – NAV00729627
- NAV00226329 – NAV00226330
- NAV00236334 – NAV00236335
- NAV00544771 – NAV00544772
- NAV00209461
- NAV00121550 – NAV00121552
- NAV00547768
- NAV00537170 – NAV00537171
- NAV00209994 – NAV00209995
- NAV00210170
- NAV00226712 – NAV00226713
- NAV00226779 – NAV00226781
- NAV00517749 – NAV00517751

- NAV00451790 – NAV00451792
- NAV00545033
- NAV00527375
- NAV00223855 – NAV00223858
- NAV00223714
- NAV00375417 – NAV00375418
- NAV00056780 – NAV00056781
- NAV00057270 – NAV00057272
- NAV00139563 -  NAV00139567
- NAV00057802 – NAV00057804
- NAV00140120 – NAV00140121
- NAV00140347 – NAV00140349
- NAV00140108 – NAV00140110
- NAV00375413 – NAV00375414
- NAV00517681 – NAV00517682
- NAV00075353 – NAV00075355
- NAV00537175
- ASGK-NAV-E-1177
- EX 786
- EX 975
- AB 194
- AB 183
- AB 237
- EX 949
- AB 458
- SEC-WandJ-E-5515
- SEC-WandJ-E-10550
- AB 458
- Exhibits Marked During the Deposition of T. Fahner
- Exhibits Marked During the Deposition of W. Anaya
- Exhibits Marked During the Deposition of R. Jones
- Exhibits Marked During the Inv. Test. of P. Charbonneau
- Exhibits Marked During the Inv. Test. of K. Cantillon
- Exhibits Marked During the Inv. Test. of D. Culloton
- Exhibits Marked During the Inv. Test. of K. Denning

- Exhibits Marked During the Inv. Test. of H. Kos
- Exhibits Marked During the Inv. Test. of E. Sedler
- Exhibits Marked During the Inv. Test. of B. Sheahan
- Exhibits Marked During the Inv. Test. of J. Spangler
- SEC-AnalystReports-0000001-0005230

**INTERROGATORY NO. 9**: For each USTIAN and/or NAVISTAR statement YOU allege to be misleading in the COMPLAINT, IDENTIFY those statements YOU contend are not statements of opinion and state all facts supporting your contention.

RESPONSE: Objection. Whether or not a party contends that a statement constituted an "opinion" is vague. Further, in light of *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1328-29 (2015) and other caselaw, this interrogatory seeking the SEC's contention about each alleged misleading statement that is not a statement of opinion and "all facts supporting your contention" is not proportional to the needs of this case. *See* General Objection No. 3 hereto. Subject to and without waiving its objections, the SEC states that none of the statements it alleges to be misleading were pure statements of opinion.

**INTERROGATORY NO. 10**: IDENTIFY each witness from whom you intend to elicit testimony at trial (either live or via deposition), including, for each witness, the subject(s) of his or her anticipated testimony.

**RESPONSE**: The SEC will disclose its witness list in conjunction with a

schedule agreed to by the parties or ordered by the Court.

Dated: August 28, 2017                        Respectfully submitted,


                                        */s/ Jonathan S. Polish*
                                        Jonathan S. Polish
                                        Eric M. Philips
                                        Amy Flaherty Hartman
                                        Anne G. Blazek
                                        Timothy J. Stockwell
                                        U.S. Securities and
                                            Exchange Commission
                                        175 West Jackson Boulevard,
                                        Suite 1450
                                        Chicago, Illinois 60604
                                        Telephone: (312) 353-7390
                                        Facsimile: (312) 353-7398

# CERTIFICATE OF SERVICE

I, Jonathan S. Polish, an attorney, hereby certify that on August 28, 2017, I served the above and foregoing ***Plaintiff's Responses to Defendant's First Set of Interrogatories*** by causing true and accurate copies of such paper required to be served by Fed.R.Civ.P. 5(a) to be transmitted to the persons shown below via electronic mail.

/s/ Jonathan S.. Polish
Jonathan S. Polish

Stephen C. Neal
Kathleen H. Goodhart (*pro hac vice*)
Benjamin Hansel Kleine
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Sean M. Berkowitz
Cary R. Perlman
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 777-7016

Laurence Harvey Levine
189 East Lake Shore Drive 16th Floor
Chicago , IL 60611

# Exhibit 2

|  |  |
|---|---|
| UNITED STATES SECURITIES AND<br>  EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>         v.<br><br><br>DANIEL C. USTIAN,<br><br>         Defendant. | )<br>)<br>)<br>)<br>) Case No. 16-cv-03885<br>)<br>) Presiding Judge: Hon. Sara Ellis<br>) Magistrate Judge: Hon. Jeffrey<br>) Gilbert<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Local Rules of the

Court, plaintiff Securities and Exchange Commission ("SEC") makes the following disclosures.

**A.      Witnesses Likely To Have Discoverable Information.**

> 1.      Daniel Ustian
> c/o Stephen Neal, Esq.
> Cooley LLP
> 3175 Hanover Street
> Palo Alto, CA 94304
> Phone: 650-843-5182

> <u>Subjects</u>:  This person is the Defendant in this action and is likely to have discoverable
> information regarding, among other things, his own statements, Navistar's efforts to develop
> EGR-only technology to meet the 0.2 NOx standard, and Navistar's communications with the
> EPA.

> 2.      Jack Allen

c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and communications with Navistar's customers about those efforts and about EPA certification status.

3. Kathleen Cantillon
c/o Peter E. Cooper, Esq.
Lawrence, Kamin, Saunders & Uhlenhop, LLC
300 South Wacker Drive, Suite 500
Chicago, IL 60606
Phone: 312-372-1947

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

4. Edward Anesi
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

5. Luis Cattani
1163 Shoreline Drive
Aurora, IL 60504
Phone: 630-566-9892

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

6.  AJ Cederoth
    c/o James Kopecky, Esq.
    Kopecky Schumacher Bleakley Rosenburg PC
    203 North LaSalle Street, Suite 1620
    Chicago, IL 60601
    Phone:  312-527-3966

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and Navistar's and Ustian's disclosures relating to those matters.

7.  Patrick Charbonneau
    c/o Sean Berkowitz, Esq.
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with Ustian regarding same, Navistar's and Ustian's disclosures relating to those matters, communications with the EPA regarding certification, and Navistar's public relations and lobbying efforts surrounding EPA certification.

8.  Troy Clarke
    c/o Sean Berkowitz, Esq.
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard,

Navistar's efforts to obtain EPA certification, and Navistar's decision to abandon its EGR-only certification efforts.

9. Steve Covey
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with Ustian regarding same, Navistar's and Ustian's disclosures relating to those matters.

10. Dennis Culloton
c/o Junaid Zubairi, Esq.
Vedder Price
222 North LaSalle Street
Chicago, IL 60601
Phone: 312-609-7500

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

11. Karen Denning
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, and Navistar's public relations and lobbying efforts surrounding EPA certification.

4

12. Jeffrey Altman
    Owl Creek Advisors, LLC
    640 Fifth Avenue, 20th Floor
    New York, NY 10019-6102
    Phone: 212-688-2550

Subjects: This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock.

13. Michael Hammes
    c/o Sean Berkowitz, Esq.
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other

things, Navistar's decision to abandon its EGR-only certification efforts and its decision to

terminate Ustian.

14. Titus Iwaszkiewicz
    c/o Sean Berkowitz, Esq.
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard,

Navistar's efforts to obtain EPA certification, communications with the EPA, and

communications within Navistar regarding same.

15. Dee Kapur
    c/o Sean Berkowitz, Esq.
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, and communications within Navistar and with Ustian regarding same.

16.    James Keyes
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

17.    Heather Kos
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian regarding same.

18.    Thomas Kramer
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

19.     Dennis Mooney
        c/o Sean Berkowitz, Esq.
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

20.     John Moran
        c/o John Hartmann, Esq.
        Kirkland & Ellis LLP
        300 North LaSalle Street
        Chicago, IL 60654
        Phone: 312-862-2151

Subjects: This person is likely to have discoverable information regarding, among other things, KPMG's audits and reviews of Navistar's financial statements.

21.     Steve Ostarello
        c/o Sean Berkowitz, Esq.
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

22.     Brian Pavlicek

c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

23.     David Piech
        c/o David Stetler, Esq.
        Stetler, Duffy & Rotert, Ltd.
        10 South LaSalle Street
        Suite 2800
        Chicago, IL 60603

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard,

Navistar's efforts to obtain EPA certification, and communications within Navistar regarding

same.

24.     Wilburn Saylor and/or Ann Tushaus
        c/o Eric Phillips, Esq.
        U.S. SEC
        Chicago Regional Office
        175 W. Jackson Blvd. Suite 900
        Chicago, IL 60604
        312-353-7390

Subjects:  These persons, SEC staff accountants, are likely to have discoverable

information regarding, among other things, the calculation of Ustian's ill-gotten gains and other

subject matters suitable for testimony from a summary witness at trial.

25.     Rogelio Rodriguez
        c/o Sean Berkowitz, Esq.
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

26.     Eric Sedler
        c/o Christopher Robertson, Esq.
        Seyfarth Shaw LLP
        World Trade Center
        Two Seaport Lane
        Suite 300
        Boston, MA 02210
        Phone: 617-946-4800

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

27.     Sergio Sgarbi
        c/o Sean Berkowitz, Esq.
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

28.     Brien Sheahan
        Daniel J. Collins, Esq.
        Drinker, Biddle & Reath LLP
        191 N. Wacker Drive, Suite 3700
        Chicago, IL 60606
        Phone: 312-569-1358

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

29.     John Silva
        c/o Sean Berkowitz, Esq.
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

<u>Subjects</u>: This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

30.    Matthew Smith
       c/o David Stetler, Esq.
       Stetler, Duffy & Rotert, Ltd.
       10 South LaSalle Street
       Suite 2800
       Chicago, IL 60603

<u>Subjects</u>: This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

31.    James Spangler
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

<u>Subjects</u>: This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification and

Navistar's and Ustian's disclosures relating to EPA certification.

32.    Richard Tarapchak
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

<u>Subjects</u>: This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to EPA certification.

33.    Eric Tech
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and Navistar's and Ustian's disclosures regarding same.

34.   Robert Tockman
      c/o John Hartmann, Esq.
      Kirkland & Ellis LLP
      300 North LaSalle Street
      Chicago, IL 60654
      Phone: 312-862-2151

Subjects:  This person is likely to have discoverable information regarding, among other things, KPMG's audits and reviews of Navistar's financial statements.

35.   Longry Wang
      c/o Sean Berkowitz, Esq.
      Latham & Watkins LLP
      330 North Wabash Avenue, Suite 2800
      Chicago, IL 60611
      Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status.

36.   Ramin Younessi
      c/o Sean Berkowitz, Esq.
      Latham & Watkins LLP
      330 North Wabash Avenue, Suite 2800
      Chicago, IL 60611
      Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and Navistar's and Ustian's disclosures relating to EPA certification.

37.     Russ Zukouski
        c/o Sean Berkowitz, Esq.
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

38.     Ingrid Aja
        JP Morgan Securities LLC
        Address unknown
        Phone: 212-622-3730

Subjects:  This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress

of those efforts.

39.     Basili Alukos
        Morningstar Equity Research
        Address unknown
        Phone: 312-384-4984

Subjects:  This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress

of those efforts.

40.     Vicki Bryan
        Gimme Credit
        c/o Elizabeth Basden, Esq.
        Law Office of Elizabeth Basden, PLLC

8411 Preston Road, Suite 770
Dallas, TX 75225
Phone: 972-381-8700

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

41.     Vlad Bystricky
        (formerly with RBC Capital Markets, LLC and Barclays Capital Inc.)
        Citigroup Global Markets Inc.
        390 Greenwich Street
        New York, NY 10013
        Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

42.     Richard Carlson
        BMO Capital Markets Corp.
        3 Times Square
        New York, NY 10036
        Phone: 212-883-5141

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

43.     Andrew Casey
        Wells Fargo Securities, LLC
         c/o Charles Neal, Esq.
        Wells Fargo & Co.
        301 S. College St.
        Charlotte, NC 28202
        Phone: 704-374-2579

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

44.     Jim Cocita
        Northcoast Research
        Northpoint Tower
        1001 Lakeside Ave., Suite 1500
        Cleveland, OH 44114
        Phone: 216-468-6946

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

45.     Eric Crawford
        UBS Securities LLC
        Address unknown
        Phone: 212-713-8458

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

46.     Tim Denoyer
        (formerly with Wolfe Trahan & Co.)
        Balyasny Asset Management, LP
        200 Greenwich Ave., 3rd Floor
        Greenwich, CT 06830
        Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

47.     Ann Duignan
        JP Morgan Securities LLC
        c/o Andrea Likwornik Weiss, Esq.
        Levi Lubarsky Feigenbaum & Weiss LLP
        655 Third Ave., 27th Floor
        New York, NY 10017
        Phone: 212-308-6100

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

15

48.    Chris Edwards
       Jeffries & Company, Inc.
       Address unknown
       Phone: 415-229-1511

Subjects:  This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress

of those efforts.

49.    Ben Elias
       (previously with Sterne, Agee & Leach, Inc.)
       Global Marco Fund
       Address: unknown
       Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress

of those efforts.


50.    Alan Fleming
       (formerly with Barclays Capital Inc.)
       Citigroup Global Markets, Inc.
       390 Greenwich Street
       New York, NY 10013
       Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

51.     Neil Frohnapple
        (formerly with Northcoast Research Partners, LLC)
        Longbow Securities, LLC
        6050 Oaktree Blvd., 3rd Floor
        Independence, OH 44131
        Phone: 216-986-0700

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

52.     Mario Gabelli
        Gabelli & Co., Inc.
        One Corporate Center
        Rye, NY 10580
        Phone: 914-921-5100

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

53.     Dan Galves
        (formerly with Deutsche Bank Securities, Inc.)
        Credit Suisse Securities (USA) LLC

11 Madison Ave.
New York, NY 10010
Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

54.    Thomas Gilloran
(formerly with Jeffries & Company, Inc.)
First Manhattan Co.
399 Park Avenue
New York, NY 10022
Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

55.    J.B. Groh
(formerly with D.A. Davidson & Co.)
Baker Ellis Asset Management LLC
1231 NW Hoyt St., Suite 306
Portland, OR 97209
Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

56.　　Nathan Hayman
　　　　Frontier Capital Management Co., LLC
　　　　99 Summer Street
　　　　Boston, MA 02110
　　　　Phone: 617-261-0777

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

57.　　Nicholas Heymann
　　　　(formerly with Sterne, Agee & Leach, Inc.)
　　　　William Blair
　　　　222 West Adams St.
　　　　Chicago, IL 60606
　　　　Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

58.　　Brian Jurkash

Invesco Ltd
11 Greenway Plaza, Suite 1000
Houston, TX 77046
Phone: 713-214-4863

Subjects: This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress

of those efforts.

59.    Andy Kaplowitz
       Barclays Capital Inc.
       745 Seventh Avenue, 17th Floor
       New York, NY 10019
       Phone: 212-526-5586

Subjects: This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress

of those efforts.

60.    Jeff Kauffman
       (formerly with Sterne, Agee & Leach, Inc.)
       The Buckingham Research Group, Inc.
       750 Third Avenue, 6th Floor
       New York, NY 10017
       Phone: 212-210-0064

Subjects: This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

61.     David Kestenbaum
        Morgan Joseph Triartisan LLC
        600 Fifth Avenue, 19th Floor
        New York, NY 10020
        Phone: 212-218-3851

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

62.     Henry Kirn
        (formerly with UBS Securities LLC)
        SG Americas Securities, LLC
        Two Lincoln Centre
        5420 LBJ Freeway, Suite 1940
        Dallas, TX 75240
        Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

63.     Kristine Kubacki
        Avondale Partners, LLC
        c/o Pat Shepherd, Avondale Partners, LLC
        3102 West End Ave., Suite 110

Nashville, TN 37203
Phone: 615-467-3515

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

64.     Katryna Kviatkevich
        (formerly with Boenning & Scattergood, Inc.)
        Pacific Summit Energy
        4675 MacArthur Court, Suite 750
        Newport Beach, CA 92660
        Phone: 949-777-3200

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

65.     Rod Lache
        Deutsche Bank Securities, Inc.
        60 Wall Street
        New York, NY 10005
        Phone: 212-250-5551

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

66. David Leiker
Robert W. Baird & Co.
777 East Wisconsin Ave.
Milwaukee, WI 53202
Phone: 414-298-7535

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

67. Michael Leskinen
OppenheimerFunds, Inc.
225 Liberty St.
New York, NY 10281
Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

68. Mike Levin
Deutsche Bank Securities, Inc.
60 Wall Street
New York, NY 10005

Phone: 212-250-5317

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


69.     Walter Liptak
        (formerly with Barrington Research Associates, Inc.)
        Global Hunter Securities
        c/o David Zack, Seaport Global Securities LLC
        360 Madison Ave., 23rd Floor
        New York, NY 10017
        Phone: 212-616-7741

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


70.     Kirk Ludtke
        CRT Capital Group LLC
        262 Harbor Dr.
        Stamford, CT 06902
        Phone: 646-616-3051

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

24

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

71.    Sara Magers
Wells Fargo Securities, LLC
1 Boston Place
Boston, MA 02108
Phone: 617-603-4270

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

72.    Mark Mihallo
(formerly with Barclays Capital Inc.)
Carnegie Corporation of New York
437 Madison Avenue
New York, NY 10022
Phone: 212-371-3200

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

73.    Phil Moon
(formerly with Empyrean Capital Partners)
Address and phone number unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

74.     Ryan Mueller
        (formerly with Sterne, Agee & Leach, Inc.)
        The Buckingham Research Group, Inc.
        750 Third Avenue, 6th Floor
        New York, NY 10017
        Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


75.     Adam Nielsen
        (formerly with RBC Capital Markets, LLC)
        Hunt Club Advisors, LLC
        2441 Hunting Horn Way
        Virginia Beach, VA 23456

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

76.    Patrick Nolan
       Deutsche Bank Securities, Inc.
       60 Wall Street
       New York, NY 10005
       Phone: 212-250-5267

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

77.    Joseph O'Dea
       (formerly with Morgan Stanley & Co. Inc.)
       Vertical Research Partners, Inc.
       Address unknown
       Phone: 212-257-6182

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

78.    Chiraq Patel
       Jeffries & Company, Inc.
       Address unknown
       Phone: 212-284-1773

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

:

79. Gary Prestopino
Barrington Research Associates, Inc.
161 N. Clark Street, Suite 2950
Chicago, IL 60601
Phone: 312-634-6369

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

80. Brian Rayle
Northcoast Research
Northpoint Tower
1001 Lakeside Ave., Suite 1500
Cleveland, OH 44114
Phone: 216-468-6910

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

81. Charlie Rentschler
(formerly with Boenning & Scattergood, Inc.)
Address unknown

Phone unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


82.    Jerry Revich
       Goldman Sachs & Co.
       200 West Street
       New York, NY 10282
       Phone: 212-902-4116

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


83.    Greg Royce
       Cobalt Capital Management, Inc.
       636 Morris Turnpike, Suite 2B
       Short Hills, NJ 07078
       Phone: 212-808-3756

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

84. Alexander Sacco
    CB Insights
    (formerly with The Buckingham Research Group, Inc.)
    104 West 27th St., #3
    New York, NY 10001
    Phone: 212-292-3148

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

85. Keith Schicker
    (formerly with Robert W. Baird & Co.)
    Zuckerman Investment Group
    155 North Wacker Drive, Suite 1700
    Chicago, IL 60606
    Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

86. Brian Sponheimer
    Gabelli & Company, Inc.

c/o Kevin Handwerker, Esq., Gabelli & Company, Inc.
One Corporate Center
Rye, NY 10580
Phone: 914-921-5192

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

87.   Meredith Taylor
       Barclays Capital Inc.
       745 Seventh Avenue, 17th Floor
       New York, NY 10019
       Phone: 212-526-3084

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

88.   Joel Tiss
       BMO Capital Markets Corp.
       (formerly with The Buckingham Research Group)
       c/o Laura McLaren, Esq., BMO Financial Group
       Address unknown
       Phone: 416-867-4690

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

89.     Adam Uhlman
        Cleveland Research Company
        1375 East 9th Street, Suite 2700
        Cleveland, OH 44114
        Phone: 216-649-7241

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

90.     Alexander Vecchio
        Morgan Stanley & Co. Inc.
        1585 Broadway
        New York, NY 10036
        Phone: 212-761-6233

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

91.     Salvatore Vitale
        Sterne, Agee & Leach, Inc.

227 Park Avenue
New York, NY 10172
Phone: 212-338-4766

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


92.     Stephen Volkmann
        Jeffries & Company, Inc.
        c/o Vicki Andreadis, Esq.
         Jeffries & Company, Inc.
        520 Madison Avenue, 16th Floor
        New York, NY 10022
        Phone: 212-284-2235

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.


93.     Joe Vruwink
        Robert W. Baird & Co.
        777 East Wisconsin Ave.
        Milwaukee, WI 53202
        Phone: 414-298-5934

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

94.    Justin Ward
       Wells Fargo Securities, LLC
       1 Boston Place
       Boston, MA 02108
       Phone: 617-603-4265

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

95.    Seth Weber
       RBC Capital Markets, LLC
       3 World Financial Center
       200 Vesey St., 6th Floor
       New York, NY 10281
       Phone: 212-618-7545

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

96.    Robert Wertheimer

Barclays Capital Inc.
(formerly with Morgan Stanley & Co., Inc. and Vertical Research Partners)
745 7th Avenue
New York, NY 10
Phone: 212-526-5586

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

97. Gregory Williams
JP Morgan Securities LLC
Address unknown
Phone: 212-622-3549

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

98. Tong Tong Xu
Morgan Stanley Distribution, Inc.
(formerly with Goldman Sachs & Co.)
522 Fifth Avenue
New York, NY 10036
Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

99.    Michael Shlisky
Global Hunter Securities
(formerly with JP Morgan Securities LLC )
Address unknown
Phone: 646-264-5607

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

100.    Tyrone Fahner
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: 312-701-7062

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with the EPA regarding Navistar's certification efforts and Navistar's public relations and lobbying efforts surrounding EPA certification.

101.    Robert C. Jones
Alston & Bird LLP
950 F Street NW
Washington, DC 20004-1404
Phone: 202-239-3903

<u>Subjects</u>: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.


102.   Robert Dole
       Alston & Bird LLP
       950 F Street NW
       Washington, DC 20004-1404
       Phone: 202-654-4848
<u>Subjects</u>: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.


103.   Blanche Lincoln
       Lincoln Policy Group
       One Massachusetts Ave., NW
       Suite 850
       Washington, DC 20001
       Phone: 202-243-7565
<u>Subjects</u>: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.


104.   Robert Holifield
       Lincoln Policy Group
       One Massachusetts Ave., NW
       Suite 850
       Washington, DC 20001
       Phone: 202-243-7565

<u>Subjects</u>: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.


105.   Wilbert J. Billy Tauzin
       Tauzin Consultants
       1099 New York Avenue, NW
       Suite 530
       Washington, DC 20001
       Phone: 202-684-9844

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

106.    William Anaya
        Alibaba Group
        Address and phone number unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

107.    Michael Beer
        Alignment Government Strategies
        601 Pennsylvania Avenue, NW
        South Building, Suite 430
        Washington, DC 20004
        Phone: 202-407-9747

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

108.    Jason Young
        Kivvit
        1100 G Street NW, Suite 350
        Washington, DC 20005
        Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

109.    Bryan DeAngelis
        Kivvit
        1100 G Street NW, Suite 350
        Washington, DC 20005
        Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

110.    Ebonique Wood
        Kivvit
        1100 G Street NW, Suite 350
        Washington, DC 20005
        Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

111.    Laurence H. Levine
        Law Offices of Laurence H. Levine
        189 East Lake Shore Drive, 16th Floor
        Chicago, IL 60611
        Phone: 312-927-0625

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's EPA certification efforts and communications with the EPA regarding same.

112.    Byron Bunker
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

113.    Justin Greuel
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

39

114.    Margo Oge
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and communications with Navistar regarding same.


115.    Karl Simon
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and communications with Navistar regarding same.


116.    Christopher Grundler
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and communications with Navistar regarding same.


117.    Michael Horowitz
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.


118.    John Hannon
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.


119.    Gregory Orehowsky
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.


120.    Don Klein
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

121.    Kim Fugiel
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

41

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

122.    Carol Garnant
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

123.    Ted Guy
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

124.    Joe Keele
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

125.    James Mahlo
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

126.    Curt Kramer
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

127. Bill McMenamin
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

128. Jason Omerza
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

129. Bruce Patterson
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

130. Matthew Foulston
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

131. Joe Werth
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to EPA certification matters.

132. Jeff Wigfield
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to EPA certification matters.

133. Jim Moran
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to Navistar's certification efforts.

134. Candace Tabor
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to Navistar's certification efforts.

135. Kristin Moran
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to Navistar's certification efforts.

136. Carl Icahn
Icahn Associates Corporation
767 5th Ave #4700
New York, NY 10153
Phone: 212-702-4300

Subjects:  This person is likely to have discoverable information regarding, among other

44

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock.

137.    Mark Rachesky
        MHR Fund Management
        1345 Avenue of the Americas, 42nd Floor
        New York, NY 10105
        Phone: 212-262-0005

Subjects:  This person is likely to have discoverable information regarding, among other

things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock.

138.    Ade Adekanmbi
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

139.    Gurminder Bedi
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification and

Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

140.    Eugenio Clariond
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

141.    John Correnti
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

142.    Randy Diaz
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian regarding same.

143.    Greg Fadler
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

144.    James Hebe
        2701 Navistar Drive
        Lisle, IL 60532

Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and communications with Navistar's customers about those efforts and about EPA certification status.

145. Gary Holdren
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification and Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

146. Stanley McChrystal
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

147. Bruce Patterson
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's certification efforts.

148. Jason Quaranto
2701 Navistar Drive
Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

149.    Al Saltiel
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

150.    William Trestrail
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

151.    Graham Weller
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

152.    Dennis Williams
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification, Navistar's decision to abandon its EGR-only certification efforts, and its decision to terminate Ustian.

153.    Gina McCarthy
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.

48

Washington, D.C. 20004
Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, the EPA's responses to Navistar's certification efforts.

154.    Brian Sherrick
        c/o John Hartmann, Esq.
        Kirkland & Ellis LLP
        300 North LaSalle Street
        Chicago, IL 60654
        Phone: 312-862-2151

Subjects:  This person is likely to have discoverable information regarding, among other

things, KPMG's audits and reviews of Navistar's financial statements.

155.    Robin Hulshizer
        Latham & Watkins LLP
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, This person is likely to have discoverable information regarding, among other things,

Navistar's EPA certification efforts.

156.    Brad Markell
        AFL-CIO
        815 16th St., N.W.
        Washington, D.C. 20006


Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's EPA certification efforts.

157.    Matt Baus
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

158.    Stephen Bruford
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

159.    John Cagney
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

160.    Ryan Campbell
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to EPA certification matters.

161.    Tom Cellitti
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to transition from using EGR-only technology to using SCR technology

to comply with the 0.2 NOx standard.

162.    Jacqueline Gelb
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

163.  Chad Grugel
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

164.  Elissa Koc
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to EPA certification matters.

165.  Bruce Harrison
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

166.  Lisa Hartenberger
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

<u>Subjects</u>:  This person is likely to have discoverable information regarding, among other

things, Navistar's and Ustian's disclosures relating to EPA certification matters.

167.  Regis Luther
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

168.    Chris Perzan
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

169.    Steven Schrier
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

170.    Frank Silvaggi
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

171.    Tony Stinsa
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to transition from using EGR-only technology to using SCR technology to comply with the 0.2 NOx standard.

172.    Matthew Tyo
        2701 Navistar Drive
        Lisle, IL 60532

Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

173.    Michael Uchanski
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

174.    Diane Gulyas
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to transition from using EGR-only technology to using SCR technology to comply with the 0.2 NOx standard and Navistar's decision to terminate Ustian.

175.    David Harrison
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to transition from using EGR-only technology to using SCR technology to comply with the 0.2 NOx standard and Navistar's decision to terminate Ustian.

176.    Steve Klinger
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to transition from using EGR-only technology to using SCR technology to comply with the 0.2 NOx standard and Navistar's decision to terminate Ustian.

177.  Chip Mulaney
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to transition from using EGR-only technology to using SCR technology to comply with the 0.2 NOx standard and Navistar's decision to terminate Ustian.

178.  Joe Werth
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

179.  Phil Lindroth
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

180.  John Miller
      2701 Navistar Drive
      Lisle, IL 60532
      Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to EPA certification matters.

181.  Audrey Smith
      2701 Navistar Drive

Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to transition from using EGR-only technology to using SCR technology

to comply with the 0.2 NOx standard and Navistar's decision to terminate Ustian.

182.　Julie Adler
　　　Kivvit
　　　1100 G Street NW, Suite 350
　　　Washington, DC 20005
　　　Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

183.　Louis Balocca
　　　Kivvit
　　　1100 G Street NW, Suite 350
　　　Washington, DC 20005
　　　Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

184.　Keith Burton
　　　Institute for Public Relations
　　　2096 Weimer Hall
　　　Gainesville, FL 32611-8400
　　　Phone: 352-392-0280

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

185.　Bryan De Angelis
　　　Kivvit
　　　1100 G Street NW, Suite 350
　　　Washington, DC 20005
　　　Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

186.   David Duschene
       Golin
       875 N. Michigan Ave., 26th Floor
       Chicago, IL 606011
       312-729-4000

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

187.   Judy Erwin
       Kivvit
       1100 G Street NW, Suite 350
       Washington, DC 20005
       Phone: 202-331-1002

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

188.   Tracey Mendrek
       Culloton Strategies
       205 W. Wacker Dr., Suite 1750
       Chicago, IL 60606
       Phone: 312-228-4800

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

189.   Ken Nasshan
       Nasshan Communications
       3201 North Vermont Street
       Arlington, VA 22207
       Phone: 703-538-2793

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

190.   Matt Bruster
       c/o David Dickinson, Esq.

U.S. EPA
1200 Pennsylvania Ave.
Washington, D.C. 20004
Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and the EPA's position regarding same.

191.   Jay Smith
c/o David Dickinson, Esq.
U.S. EPA
1200 Pennsylvania Ave.
Washington, D.C. 20004
Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and the EPA's position regarding same.

192.   Matt Spears
c/o David Dickinson, Esq.
U.S. EPA
1200 Pennsylvania Ave.
Washington, D.C. 20004
Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and the EPA's position regarding same.

193.   Various other institutional and individual Navistar investors in additional to those

identified previously above.

Subjects:  These persons (including without limitation Oppenheimer Funds, Inc.;

Vanguard Group, Inc.; GAMCO Investors, Inc.; Cambiar Investors LLC; BlackRock Fund

Advisors; Wellington Management Co. LLP, Westwood Management Corp., JPMorgan

Investment Management, Fidelity Management and Research, Columbia Management

Investment Advisors, Gabelli Funds LLC, Pyramis Global Advisors LLC, and Frontier Capital Management Co.) are likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

194.    All individuals listed in Defendant's Rule 26(a)(1) disclosures.

**B.    Documents That May Be Used.**

The SEC has the following categories of documents in its possession, custody or control which it may use to support its claims in this litigation:

1.    Documents produced by the following third-parties to the SEC during its pre-litigation investigation (subject to possible privilege claims by certain of these third-parties): Alston & Bird, ASGK, Culloton Strategies, Cummins, EPA, KPMG, Latham & Watkins, Mayer Brown, Navistar, Ustian, and Williams & Jensen.

2.    Public filings, and other public statements, made by Navistar, Ustian, and Navistar shareholders.

3.    Testimony transcripts, with exhibits thereto, of: Jack Allen, Ed Anesi, Kathleen Cantillon, Luis Cattani, A.J. Cederoth, Thomas Celitti, Patrick Charbonneau, Troy Clarke, Steven Covey, Dennis Culloton, Karen Denning, Michael Hammes, Titus Iwaszkiewicz, Dee Kapur, James Keyes, Heather Kos, Thomas Kramer, Dennis Mooney, John Moran, Steve Ostarello, Brian Pavlicek, David Piech, Rogelio Rodriguez, Eric Sedler, Sergio Sgarbi, Brien Sheahan, John Silva, Matthew Smith, James Spangler, Richard Tarapchak, Eric Tech, Robert Tockman, Daniel Ustian, Longry Wang, Ramin Younessi, and Russ Zukouski.

4.      Declarations executed by Andrew Casey, Kristine Kubacki, and Walter Liptak.

These documents are located at the SEC's Chicago Regional Office, 175 West Jackson Boulevard, Suite 900, Chicago, IL 60604.

**C.      Computation of Damages.**

The SEC seeks, among other things, monetary relief from Ustian in the form of disgorgement, with prejudgment interest, and civil penalties.  The Commission will seek all ill-gotten gains that Ustian received as a result of the acts described in the SEC's complaint.  Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 77u(d)(3)] provide for third-tier civil penalties against Ustian for conduct such as that alleged in the Commission's Complaint.   It is premature to calculate specific amounts of disgorgement and prejudgment interest and civil penalties.  The Commission's investigation continues, and the Commission reserves the right to amend or supplement these disclosures as may be appropriate.

**D.      Insurance Agreements**

Because the SEC is the Plaintiff in this action, Rule 26(a)(1)(D) does not apply.


The SEC reserves the right to amend or supplement these disclosures as may be appropriate.

Dated: June 14, 2016

Respectfully submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

/s/ Eric M. Phillips
By: One of Its Attorneys

Eric M. Phillips
Jonathan S. Polish
Amy Flaherty Hartman
Anne Graber Blazek
Timothy Stockwell
United States Securities and Exchange Commission
175 West Jackson Boulevard, 9th Floor
Chicago, Illinois 60604
Telephone: (312) 353-7390

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, hereby certifies that on June 14, 2016 a copy of the foregoing Plaintiff Securities and Exchange Commission's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) was served upon the following counsel by email:


Stephen C. Neal
Kathleen H. Goodhart
Jeffrey Gutkin
Aarti Reddy
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
nealsc@cooley.com
kgoodhart@cooley.com
jgutkin@cooley.com
areddy@cooley.com

Sean M. Berkowitz
Cary R. Perlman
Latham & Watkins LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
sean.berkowitz@lw.com
cary.perlman@lw.com

Laurence H. Levine
Law Offices of Laurence H. Levine
189 East Lake Shore Drive, 16th Floor
Chicago, IL 60611
laurence.levine@lhlevine.com


Attorneys for Defendant Daniel Ustian


/s/ Eric M. Phillips_____
Eric M. Phillips

# Exhibit 3

|  |  |
|---|---|
| UNITED STATES SECURITIES AND<br> EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>       v.<br><br>DANIEL C. USTIAN,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)  Case No. 16-cv-03885<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
## AMENDED DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Local Rules of the

Court, plaintiff Securities and Exchange Commission ("SEC") amends and restates its disclosures

as follows:

**A.      Witnesses Likely To Have Discoverable Information.**

      1.      Daniel Ustian
                c/o Sean M. Berkowitz
                Latham & Watkins LLP
                330 North Wabash Ave., Suite 2800
                Chicago, IL 60611
                Phone: (312) 777-7016

      <u>Subjects</u>:  This person is the Defendant in this action and is likely to have discoverable

information regarding, among other things, his own statements, Navistar's efforts to develop

EGR-only technology to meet the 0.2 NOx standard, and Navistar's communications with the

EPA.

      2.      Jack Allen

c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, communications with Ustian regarding Navistar's efforts to develop EGR-only

technology to meet the 0.2 NOx standard and EPA certification status, and communications with

Navistar's customers about those efforts and about EPA certification status.

3. Patrick Charbonneau
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard,

Navistar's efforts to obtain EPA certification, communications with Ustian regarding same,

Navistar's and Ustian's disclosures relating to those matters, communications with the EPA

regarding certification, and Navistar's public relations and lobbying efforts surrounding EPA

certification.

4. Troy Clarke
c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard,

Navistar's efforts to obtain EPA certification, and Navistar's decision to abandon its EGR-only certification efforts.

5.    Jeffrey Altman
      Owl Creek Advisors, LLC
      640 Fifth Avenue, 20th Floor
      New York, NY 10019-6102
      Phone: 212-688-2550

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock.

6.    Michael Hammes
      c/o Sean Berkowitz, Esq.
      Latham & Watkins LLP
      330 North Wabash Avenue, Suite 2800
      Chicago, IL 60611
      Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

7.    Titus Iwaszkiewicz
      c/o Sean Berkowitz, Esq.
      Latham & Watkins LLP
      330 North Wabash Avenue, Suite 2800
      Chicago, IL 60611
      Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

8.    James Keyes

c/o Sean Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

9.     Thomas Kramer
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

10.    Steve Ostarello
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

11.    Brian Pavlicek
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP

4

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

12.     David Piech
        c/o David Stetler, Esq.
        Stetler, Duffy & Rotert, Ltd.
        10 South LaSalle Street
        Suite 2800
        Chicago, IL 60603

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard,

Navistar's efforts to obtain EPA certification, and communications within Navistar regarding

same.

13.     Wilburn Saylor and/or Ann Tushaus
        c/o Eric Phillips, Esq.
        U.S. SEC
        Chicago Regional Office
        175 W. Jackson Blvd. Suite 900
        Chicago, IL 60604
        312-353-7390

Subjects:  These persons, SEC staff accountants, are likely to have discoverable

information regarding, among other things, the calculation of Ustian's ill-gotten gains and other

subject matters suitable for testimony from a summary witness at trial.

14.     Brien Sheahan
        Daniel J. Collins, Esq.
        Drinker, Biddle & Reath LLP
        191 N. Wacker Drive, Suite 3700
        Chicago, IL 60606
        Phone: 312-569-1358

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

15.    Ramin Younessi
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and Navistar's and Ustian's disclosures relating to EPA certification.

16.    Russ Zukouski
       c/o Sean Berkowitz, Esq.
       Latham & Watkins LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Phone: 312-777-7016

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

17.    Ingrid Aja
       JP Morgan Securities LLC
       Address unknown
       Phone: 212-622-3730

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

6

18. Basili Alukos
    Morningstar Equity Research
    Address unknown
    Phone: 312-384-4984

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

19. Andrew Casey
    Wells Fargo Securities, LLC
     c/o Charles Neal, Esq.
    Wells Fargo & Co.
    301 S. College St.
    Charlotte, NC 28202
    Phone: 704-374-2579

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

20. Tim Denoyer
    (formerly with Wolfe Trahan & Co.)
    Balyasny Asset Management, LP
    200 Greenwich Ave., 3rd Floor
    Greenwich, CT 06830
    Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

21. Ann Duignan
    JP Morgan Securities LLC
    c/o Andrea Likwornik Weiss, Esq.
    Levi Lubarsky Feigenbaum & Weiss LLP
    655 Third Ave., 27th Floor
    New York, NY 10017
    Phone: 212-308-6100

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

22. Nathan Hayman
    Frontier Capital Management Co., LLC
    99 Summer Street
    Boston, MA 02110
    Phone: 617-261-0777

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

23. Brian Jurkash
    Invesco Ltd
    11 Greenway Plaza, Suite 1000
    Houston, TX 77046
    Phone: 713-214-4863

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

24.    Andy Kaplowitz
Barclays Capital Inc.
745 Seventh Avenue, 17th Floor
New York, NY 10019
Phone: 212-526-5586

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

25.    Jeff Kauffman
(formerly with Sterne, Agee & Leach, Inc.)
The Buckingham Research Group, Inc.
750 Third Avenue, 6th Floor
New York, NY 10017
Phone: 212-210-0064

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

26.    Henry Kirn
(formerly with UBS Securities LLC)

SG Americas Securities, LLC
Two Lincoln Centre
5420 LBJ Freeway, Suite 1940
Dallas, TX 75240
Phone: unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

27.     Kristine Kubacki
        Avondale Partners, LLC
        c/o Pat Shepherd, Avondale Partners, LLC
        3102 West End Ave., Suite 110
        Nashville, TN 37203
        Phone: 615-467-3515

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

28.     David Leiker
        Robert W. Baird & Co.
        777 East Wisconsin Ave.
        Milwaukee, WI 53202
        Phone: 414-298-7535

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

29.  Michael Leskinen
     OppenheimerFunds, Inc.
     225 Liberty St.
     New York, NY 10281
     Phone: unknown

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

30.  Walter Liptak
     (formerly with Barrington Research Associates, Inc.)
     Global Hunter Securities
     c/o David Zack, Seaport Global Securities LLC
     360 Madison Ave., 23rd Floor
     New York, NY 10017
     Phone: 212-616-7741

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

31.  Phil Moon and/or Steven Kawaja
     (formerly with Empyrean Capital Partners)
     Address and phone number unknown as to Moon

     Address and phone number as to Kawaja: c/o Craig S. Warkol, Esq., Schulte Roth & Zabel, 919 Third Avenue, New York, NY 10022.

11

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

32.    Patrick Nolan
Deutsche Bank Securities, Inc.
60 Wall Street
New York, NY 10005
Phone: 212-250-5267

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

33.    Brian Rayle
Northcoast Research
Northpoint Tower
1001 Lakeside Ave., Suite 1500
Cleveland, OH 44114
Phone: 216-468-6910

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

34. Charlie Rentschler
(formerly with Boenning & Scattergood, Inc.)
Address unknown
Phone unknown

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

35. Jerry Revich
Goldman Sachs & Co.
200 West Street
New York, NY 10282
Phone: 212-902-4116

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

36. Greg Royce
Cobalt Capital Management, Inc.
636 Morris Turnpike, Suite 2B
Short Hills, NJ 07078
Phone: 212-808-3756

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's

efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

37.    Brian Sponheimer
Gabelli & Company, Inc.
c/o Kevin Handwerker, Esq., Gabelli & Company, Inc.
One Corporate Center
Rye, NY 10580
Phone: 914-921-5192

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

38.    Joel Tiss
BMO Capital Markets Corp.
(formerly with The Buckingham Research Group)
c/o Laura McLaren, Esq., BMO Financial Group
Address unknown
Phone: 416-867-4690

Subjects:  This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

39.    Adam Uhlman
Cleveland Research Company
1375 East 9th Street, Suite 2700
Cleveland, OH 44114
Phone: 216-649-7241

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

40. Stephen Volkmann
    Jeffries & Company, Inc.
    c/o Vicki Andreadis, Esq.
    Jeffries & Company, Inc.
    520 Madison Avenue, 16th Floor
    New York, NY 10022
    Phone: 212-284-2235

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

41. Seth Weber
    RBC Capital Markets, LLC
    3 World Financial Center
    200 Vesey St., 6th Floor
    New York, NY 10281
    Phone: 212-618-7545

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

42. Robert Wertheimer
Barclays Capital Inc.
(formerly with Morgan Stanley & Co., Inc. and Vertical Research Partners)
745 7th Avenue
New York, NY 10
Phone: 212-526-5586

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

43. Tyrone Fahner
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Phone: 312-701-7062

Subjects: This person is likely to have discoverable information regarding, among other things, communications with the EPA regarding Navistar's certification efforts and Navistar's public relations and lobbying efforts surrounding EPA certification.

44. Robert C. Jones
Alston & Bird LLP
950 F Street NW
Washington, DC 20004-1404
Phone: 202-239-3903

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

45. William Anaya
Alibaba Group
Address and phone number unknown

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's public relations and lobbying efforts surrounding EPA certification.

46.    Byron Bunker
       c/o David Dickinson, Esq.
       U.S. EPA
       1200 Pennsylvania Ave.
       Washington, D.C. 20004
       Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and communications with Navistar regarding same.

47.    Justin Greuel
       c/o David Dickinson, Esq.
       U.S. EPA
       1200 Pennsylvania Ave.
       Washington, D.C. 20004
       Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and communications with Navistar regarding same.

48.    Margo Oge
       c/o David Dickinson, Esq.
       U.S. EPA
       1200 Pennsylvania Ave.
       Washington, D.C. 20004
       Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other

things, Navistar's certification efforts and communications with Navistar regarding same.

49.    Karl Simon
       c/o David Dickinson, Esq.
       U.S. EPA
       1200 Pennsylvania Ave.
       Washington, D.C. 20004
       Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     50.    Christopher Grundler
              c/o David Dickinson, Esq.
              U.S. EPA
              1200 Pennsylvania Ave.
              Washington, D.C. 20004
              Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     51.    Michael Horowitz
              c/o David Dickinson, Esq.
              U.S. EPA
              1200 Pennsylvania Ave.
              Washington, D.C. 20004
              Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     52.    John Hannon
              c/o David Dickinson, Esq.
              U.S. EPA
              1200 Pennsylvania Ave.
              Washington, D.C. 20004
              Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     53.    Gregory Orehowsky
              c/o David Dickinson, Esq.
              U.S. EPA
              1200 Pennsylvania Ave.
              Washington, D.C. 20004
              Phone: 202-564-4700

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

54.     Randy Diaz
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian regarding same.

55.     James Hebe
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and communications with Navistar's customers about those efforts and about EPA certification status.

56.     Stanley McChrystal
        2701 Navistar Drive
        Lisle, IL 60532
        Phone: 331-332-5000

Subjects: This person is likely to have discoverable information regarding, among other things, Navistar's decision to abandon its EGR-only certification efforts and its decision to terminate Ustian.

57.     Dennis Williams
        2701 Navistar Drive

Lisle, IL 60532
Phone: 331-332-5000

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification, Navistar's decision to abandon its EGR-only certification efforts, and its decision to terminate Ustian.

58.     Gina McCarthy
        c/o David Dickinson, Esq.
        U.S. EPA
        1200 Pennsylvania Ave.
        Washington, D.C. 20004
        Phone: 202-564-4700

Subjects:  This person is likely to have discoverable information regarding, among other things, the EPA's responses to Navistar's certification efforts.

59.     Brad Markell
        AFL-CIO
        815 16th St., N.W.
        Washington, D.C. 20006

Subjects:  This person is likely to have discoverable information regarding, among other things, Navistar's EPA certification efforts.

60.     Steven Klopukh
        Allianz Global Investments
        Name Address Phone Number

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

61.     Dennis Alff
        c/o Richard Faig
        Vaughan Nelson
        600 Travis Street, Suite 6300
        Houston Texas, 77002-3071

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

62.     Jason Barlow
        Phone: (937) 605-3840

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EGR-only engine technology to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

63.     Robert Moriarty
        c/o McGuire Woods LLP
        201 North Tryon Street
        Charlotte, NC 28202-2146

Subjects: This person is likely to have discoverable information regarding, among other things, Ustian's trading in Navistar securities.

64.     Epiq Systems, Inc.
        501 Kansas Avenue
        Kansas City, Kansas

Subjects: This person is likely to have discoverable information regarding, among other things, investor claimants and investors losses in class action lawsuit based on Navistar's disclosure failures regarding EGR-only technology and EPA certification.

65.　　CNBC
　　　　900 Sylvan Ave.
　　　　Englewood Cliffs, NH 07632

Subjects: This person is likely to have discoverable information regarding, among other things, Ustian's public statements on the CNBC Mad Money program in 2011.

66.　　Cummins, Inc.
　　　　500 Jackson St.
　　　　Columbus, IN 47201

Subjects: This person is likely to have discoverable information regarding, among other things, Cummins' decision to use SCR technology instead of EGR-only technology, Cummins' communications with Navistar and Ustian regarding same, Cummins' use of SCR technology to meet the 0.2 NOx standard and its certification efforts regarding same, Navistar's arguments and efforts made against SCR technology used by Cummins and Cummins' customers, and Navistar's negotiations over and purchase of Cummins' SCR technology and Cummins' engines using SCR technology.

67.　　Volvo Mack North America
　　　　7900 National Service Road
　　　　Greensboro, NC 27409

Subjects: This person is likely to have discoverable information regarding, among other things, Volvo/Mack's decision to use SCR technology instead of EGR-only technology, Volvo/Mack's use of SCR technology to meet the 0.2 NOx standard and its certification efforts regarding same, and Navistar's arguments and efforts made against SCR technology used by Volvo/Mack and Volvo/Mack's customers.

22

68. Alan Gutmann
    (formerly with JPMorgan)
    c/o Andrea Weiss
    Becker Glynn
    299 Park Avenue
    New York, New York 10171
    Phone: (212) 888-3033 Ext. 512

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

69. Alan Chua
    c/o Robert Rosselot
    Franklin Templeton
    300 SE 2nd St
    Fort Lauderdale, FL 33301
    Phone: (954) 847-2285

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

70. Akshay Madhavan
    Redwood Capital
    c/o David K. Momborquette
    Schulte Roth & Zabel LLP
    919 Third Avenue, New York, NY 10022
    Phone: (212) 756-2268

Subjects: This person is likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations

regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

71.   Various other institutional and individual Navistar investors in additional to those identified previously above.

Subjects: These persons (including without limitation Oppenheimer Funds, Inc.; Vanguard Group, Inc.; GAMCO Investors, Inc.; Cambiar Investors LLC; BlackRock Fund Advisors; Wellington Management Co. LLP, Westwood Management Corp., JPMorgan Investment Management, Fidelity Management and Research, Columbia Management Investment Advisors, Gabelli Funds LLC, Pyramis Global Advisors LLC, and Frontier Capital Management Co.) are likely to have discoverable information regarding, among other things, the importance of EPA certification to investment decisions and recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

72.   All individuals listed in Defendant's Rule 26(a)(1) disclosures.

**B.   Documents That May Be Used.**

The SEC has the following categories of documents in its possession, custody or control which it may use to support its claims in this litigation:

1.   Documents produced by the following third-parties to the SEC during its pre-litigation investigation (subject to possible privilege claims by certain of these third-parties): Alston & Bird, ASGK, Culloton Strategies, Cummins, EPA, KPMG, Latham & Watkins, Mayer Brown, Navistar, Ustian, and Williams & Jensen.

2.     Documents produced by the following third-parties to the SEC and Ustian during discovery in this matter, including: Navistar, EPA, Owl Creek Asset Management, Miller Weisbrod, Dicello Levitt and Casey, Epiq, Icahn Capital, Gabelli, Cummins, Jefferies, Volvo Group North America/Mack Trucks, Buckingham Research, Merrill Lynch, Redwood Capital Management, Allianz Global Investors, Basswood Capital Management, NBCUniversal, Bronson Point, Franklin Templeton Investments, Fidelity Management and Research Company, Vaughan Nelson, Cobalt Capital Management, Empyrean Capital Partners, Frontier Capital Management, Wellington Management, Invesco, Oppenheimer Funds, RW Baird, Seaport Global Securities, JPMorgan Chase, and Barrington Research.

3.     Public filings, and other public statements, made by Navistar, Ustian, and Navistar shareholders.

4.     Testimony transcripts, with exhibits thereto, of: Jack Allen, Ed Anesi, Kathleen Cantillon, Luis Cattani, A.J. Cederoth, Thomas Celitti, Patrick Charbonneau, Troy Clarke, Steven Covey, Dennis Culloton, Karen Denning, Michael Hammes, Titus Iwaszkiewicz, Dee Kapur, James Keyes, Heather Kos, Thomas Kramer, Dennis Mooney, John Moran, Steve Ostarello, Brian Pavlicek, David Piech, Rogelio Rodriguez, Eric Sedler, Sergio Sgarbi, Brien Sheahan, John Silva, Matthew Smith, James Spangler, Richard Tarapchak, Eric Tech, Robert Tockman, Daniel Ustian, Longry Wang, Ramin Younessi, and Russ Zukouski.

5.     Deposition transcripts, with exhibits thereto, of: William Anaya, Randy Diaz, Ty Fahner, James Hebe, Robert Jones, Tom Kramer, Kristine Kubacki, Dean Opperman, Steve Ostarello, David Piech, Brien Sheahan, and Ramin Younessi.

6.     Declarations executed by Andrew Casey, Kristine Kubacki, and Walter Liptak.

These documents are located at the SEC's Chicago Regional Office, 175 West Jackson Boulevard, Suite 1450, Chicago, IL 60604.

**C.      Computation of Damages.**

The SEC seeks, among other things, monetary relief from Ustian in the form of disgorgement, with prejudgment interest, and civil penalties.  The Commission will seek all ill-gotten gains that Ustian received as a result of the acts described in the SEC's complaint.  Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 77u(d)(3)] provide for third-tier civil penalties against Ustian for conduct such as that alleged in the Commission's Complaint.   It is premature to calculate specific amounts of disgorgement and prejudgment interest and civil penalties.  The Commission's investigation continues, and the Commission reserves the right to amend or supplement these disclosures as may be appropriate.

**D.      Insurance Agreements**

Because the SEC is the Plaintiff in this action, Rule 26(a)(1)(D) does not apply.


The SEC reserves the right to amend or supplement these disclosures as may be appropriate.

Dated: September 18, 2018                    Respectfully submitted,

                                             **UNITED STATES SECURITIES AND
                                             EXCHANGE COMMISSION**

                                             <u>/s/ Eric M. Phillips</u>
                                             By: One of Its Attorneys


Eric M. Phillips
Jonathan S. Polish
Amy Flaherty Hartman
Anne Graber Blazek
Timothy Stockwell
United States Securities and Exchange Commission
175 West Jackson Boulevard, 9th Floor
Chicago, Illinois 60604
Telephone: (312) 353-7390

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 18, 2018 a copy of the foregoing Plaintiff Securities and Exchange Commission's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) was served upon the following counsel by email:

Sean M. Berkowitz
Cary R. Perlman
Caitlin E. Dahl
Eric Robert Swibel
Robin M. Hulshizer
Latham & Watkins LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
sean.berkowitz@lw.com
cary.perlman@lw.com
eric.swibel@lw.com
Caitlin.dahl@lw.com
Robin.hulshizer@lw.com

Laurence H. Levine
Law Offices of Laurence H. Levine
189 East Lake Shore Drive, 16th Floor
Chicago, IL 60611
laurence.levine@lhlevine.com

*Attorneys for Defendant Daniel Ustian*

/s/ Eric M. Phillips_____
Eric M. Phillips

# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16 C 3885 |
| DANIEL C. USTIAN, | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S AMENDED RESPONSE TO
## DEFENDANT'S INTERROGATORY NO. 10

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, plaintiff SEC provides its amended response to Interrogatory No. 10 in defendant's First Set of Interrogatories ("Interrogatories"). The SEC restates its "general responses" and "general objections" as set forth in its initial responses to the Interrogatories, as if fully set forth herein.

**INTERROGATORY NO. 10**: IDENTIFY each witness from whom you intend to elicit testimony at trial (either live or via deposition), including, for each witness, the subject(s) of his or her anticipated testimony.

**AMENDED RESPONSE**: The SEC provides the following information about fact witnesses it currently expects will or may testify at trial:

## **Will Call**

1.     Daniel Ustian

This person is the Defendant in this action and is likely to testify regarding, among other things, his own statements, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, and Navistar's communications with the EPA.

2.     Patrick Charbonneau

This person is likely to testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with Ustian regarding same, Navistar's and Ustian's disclosures relating to those matters, communications with the EPA regarding certification, and Navistar's public relations and lobbying efforts surrounding EPA certification.

3.     Byron Bunker

This person is likely to testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

4.     Titus Iwaszkiewicz

This person is likely to testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

## May Call

     5.     Justin Greuel

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     6.     Gregory Orehowsky

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     7.     Christopher Grundler

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     8.     Margo Oge

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     9.     Karl Simon

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

     10.     Mary Nichols or other representatives of CARB

This person may testify regarding, among other things, Navistar's certification efforts, its use of emissions credits in California and other states, the availability of NCPs under CARB rules, and communications with Navistar regarding same.

     11.     Jack Allen

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, performance problems involving Navistar's EGR-only engines

and costs to Navistar regarding same, and communications with Navistar's customers about Navistar's EGR-only engines and about EPA certification status.

12.     Jeffrey Altman, Michael Sirginio or other representatives of
        Owl Creek Advisors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

13.     Icahn Associates

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

14.     Michael Sirginio or other MHR Fund Management representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

15.     Steve Bullock or other Fidelity Management and Research/Fidelity
        International representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

16.     Nathan Kieffer or other Wellington Management Company
        representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

17.     GAMCO Investors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

18. Vanguard Group

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

19. BlackRock

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

20. Oppenheimer Funds

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

21. Steve Abrams or other Greywolf Capital representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

22. Cambiar Investors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

23. Westwood Management

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

24. JPMorgan Investment Management

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

25. Mario Gabelli or other Gabelli Funds LLC representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

26.     Chad Colman or other Pyramis Global Advisors representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

27.     Nathan Hayman or other Frontier Capital Management representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

28.     Templeton Global Advisors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

29.     Phil Moon or other Empyrean Capital Partners representative

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

30.     Capital Research

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

31.     Rand Gesing or other Neuberger Berman representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

32.     Bill Studebaker or other representatives of Apex Capital

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

33.     Neal Schear

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

34. Other Navistar investors not specifically identified above

These persons may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

35. Ann Duignan

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

36. Kristine Kubacki

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

37. David Leiker

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

38. Michael Leskinen

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

39. Walter Liptak

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

40. Adam Nielsen

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

41. Patrick Nolan

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

42. Brian Rayle

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

43. Charlie Rentschler

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with

the 0.2 NOx standard and the progress of those efforts.

44.    Jerry Revich

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

45.    Brian Sponheimer

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

46.    Joel Tiss

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

47.    Adam Uhlman

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

48.    Stephen Volkmann

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's

disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

49.     Seth Weber

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

50.     Robert Wertheimer

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

51.     Tim Denoyer

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

52.     Andrew Casey

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

53.     Christopher Edwards

This analyst may testify regarding, among other things, the importance of EPA certification

to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

54.    Ben Elias

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

55.    Brien Sheahan

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

56.    Dennis Culloton

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

57.    Tyrone Fahner

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

58.    Robert Jones

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

59.    Bill Anaya

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

60. Eric Sedler

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

61. Kathleen Cantillon

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

62. Ramin Younessi

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and Navistar's and Ustian's disclosures relating to EPA certification.

63. Russ Zukouski

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

64. Graham Weller

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

65. Randy Diaz

This person may testify regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian, investors, and analysts regarding same.

66. **Heather Kos**

This person may testify regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian, investors, analysts, and Navistar's Board of Directors regarding same.

67. **Karen Denning**

This person may testify regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian, investors, analysts, and Navistar's Board of Directors regarding same.

68. **Thomas Kramer**

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

69. **Steve Ostarello**

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

70. **David Piech**

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, Navistar's use of emissions credits and payments of NCPs, and communications within

Navistar and with the EPA and CARB regarding same.

71.    Rogelio Rodriguez

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification,

72.    A.J. Cederoth

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, performance problems involving Navistar's EGR-only engines and costs to Navistar regarding same, and Navistar's and Ustian's disclosures relating to those matters.

73.    Michael Hammes, John Correnti, or other Navistar's Board members

This person may testify regarding among other things, communications with Navistar's Board of Directors regard Navistar's efforts to develop EGR-only technology and certification efforts with the EPA and CARB,  Navistar's decision to abandon its EGR-only certification efforts, Navistar's decision to ask Ustian to resign, and Navistar's compensation decisions regarding Ustian.

74.    Wilburn Saylor or Ann Tushaus

These persons, SEC staff accountants, may testify regarding, among other things, the calculation of Ustian's ill-gotten gains and other subject matters suitable for testimony from a summary witness at trial.

75.    Srikanth Padmanabhan or other Cummins, Inc. representative

This person may testify regarding Cummins' SCR technology, Navistar's efforts to acquire Cummins' SCR technology, or engines with same, and Navistar's efforts to persuade the EPA and other authorities to take adverse action regarding SCR technology.

76. Steve Berry or other Volvo Group North America representative

This person may testify regarding Volvo's SCR technology, and Navistar's efforts to persuade the EPA and other authorities to take adverse action regarding SCR technology.

77. Steve Keller of Rush Enterprises

This person may testify regarding, among other things, the importance of EPA certification to a Navistar customer.

Dated: September 18, 2017

*/s/ Jonathan S. Polish*
Jonathan S. Polish
Eric M. Philips
Amy Flaherty Hartman
Anne G. Blazek
Timothy J. Stockwell
U.S. Securities and
  Exchange Commission
175 West Jackson Boulevard,
  Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

# CERTIFICATE OF SERVICE

I, Jonathan S. Polish, an attorney, hereby certify that on September 18, 2017, I served the above and foregoing ***Plaintiff's Amended Response to Defendant's Interrogatory No. 10*** by causing true and accurate copies of such paper required to be served by Fed.R.Civ.P. 5(a) to be transmitted to the persons shown below via electronic mail.

*/s/ Jonathan S.. Polish*
Jonathan S. Polish

Stephen C. Neal
Kathleen H. Goodhart (*pro hac vice*)
Benjamin Hansel Kleine
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Sean M. Berkowitz
Cary R. Perlman
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 777-7016

Laurence Harvey Levine
189 East Lake Shore Drive 16th Floor
Chicago , IL 60611

# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION,          )
                             )
            Plaintiff,        )
                             )
      v.                      )      No. 16 C 3885
                             )
DANIEL C. USTIAN,             )
                             )
            Defendant.        )


## PLAINTIFF'S SECOND AMENDED RESPONSE TO
## DEFENDANT'S INTERROGATORY NO. 10

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, plaintiff SEC provides its second amended response to Interrogatory No. 10 in defendant's First Set of Interrogatories ("Interrogatories"). The SEC restates its "general responses" and "general objections" as set forth in its initial responses to the Interrogatories, as if fully set forth herein.

**INTERROGATORY NO. 10**: IDENTIFY each witness from whom you intend to elicit testimony at trial (either live or via deposition), including, for each witness, the subject(s) of his or her anticipated testimony.

**AMENDED RESPONSE**: The SEC provides the following information about fact witnesses it currently expects will or may testify at trial:

## **Will Call**

1.  Daniel Ustian

This person is the Defendant in this action and is likely to testify regarding, among other things, his own statements, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, and Navistar's communications with the EPA.

2.  Patrick Charbonneau

This person is likely to testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with Ustian regarding same, Navistar's and Ustian's disclosures relating to those matters, communications with the EPA regarding certification, and Navistar's public relations and lobbying efforts surrounding EPA certification.

3.  Byron Bunker

This person is likely to testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

4.  Titus Iwaszkiewicz

This person is likely to testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

5.      Justin Greuel

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

6.      Gregory Orehowsky

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

7.      Christopher Grundler

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

8.      Margo Oge

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

9.      Karl Simon

This person may testify regarding, among other things, Navistar's certification efforts and communications with Navistar regarding same.

10.     Mary Nichols or other representatives of CARB

This person may testify regarding, among other things, Navistar's certification efforts, its use of emissions credits in California and other states, the availability of NCPs under CARB rules, and communications with Navistar regarding same.

11.     Jack Allen

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, performance problems involving Navistar's EGR-only engines

and costs to Navistar regarding same, and communications with Navistar's customers about Navistar's EGR-only engines and about EPA certification status.

12.  Jeffrey Altman, Michael Sirginio or other representatives of Owl Creek Advisors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

13.  Icahn Associates

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

14.  Michael Sirginio or other MHR Fund Management representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

15.  Steve Bullock or other Fidelity Management and Research/Fidelity International representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

16.  Nathan Kieffer or other Wellington Management Company representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

17.  GAMCO Investors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

18. Vanguard Group

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

19. BlackRock

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

20. Oppenheimer Funds

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

21. Steve Abrams or other Greywolf Capital representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

22. Cambiar Investors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

23. Westwood Management

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

24. JPMorgan Investment Management

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

25. Mario Gabelli or other Gabelli Funds LLC representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

26. Chad Colman or other Pyramis Global Advisors representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

27. Nathan Hayman or other Frontier Capital Management representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

28. Templeton Global Advisors

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

29. Phil Moon or other Empyrean Capital Partners representative

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

30. Capital Research

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

31. Rand Gesing or other Neuberger Berman representatives

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

32. Bill Studebaker or other representatives of Apex Capital

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

33. Neal Schear

This person may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

34. Other Navistar investors not specifically identified above

These persons may testify regarding, among other things, the importance of EPA certification to investment decisions regarding Navistar stock.

35. Ann Duignan

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

36. Kristine Kubacki

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

37. David Leiker

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

38. Michael Leskinen

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

39.     Walter Liptak

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

40.     Adam Nielsen

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

41.     Patrick Nolan

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

42.     Brian Rayle

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

43.     Charlie Rentschler

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with

the 0.2 NOx standard and the progress of those efforts.

44.    Jerry Revich

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

45.    Brian Sponheimer

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

46.    Joel Tiss

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

47.    Adam Uhlman

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

48.    Stephen Volkmann

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's

disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

49.    Seth Weber

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

50.    Robert Wertheimer

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

51.    Tim Denoyer

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

52.    Andrew Casey

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

53.    Christopher Edwards

This analyst may testify regarding, among other things, the importance of EPA certification

to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

54.     Ben Elias

This analyst may testify regarding, among other things, the importance of EPA certification to investment recommendations regarding Navistar stock, and Navistar's and Ustian's disclosures regarding the company's efforts to develop EGR-only technology to comply with the 0.2 NOx standard and the progress of those efforts.

55.     Brien Sheahan

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

56.     Dennis Culloton

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

57.     Tyrone Fahner

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

58.     Robert Jones

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

59.     Bill Anaya

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

60. Eric Sedler

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

61. Kathleen Cantillon

This person may testify regarding, among other things, Navistar's public relations and lobbying efforts surrounding EPA certification.

62. Ramin Younessi

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, and Navistar's and Ustian's disclosures relating to EPA certification.

63. Russ Zukouski

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

64. Graham Weller

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to comply with the 0.2 NOx standard.

65. Randy Diaz

This person may testify regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian, investors, and analysts regarding same.

66.    Heather Kos

This person may testify regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian, investors, analysts, and Navistar's Board of Directors regarding same.

67.    Karen Denning

This person may testify regarding, among other things, Navistar's and Ustian's disclosures relating to Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification, Navistar's public relations and lobbying efforts surrounding EPA certification, and communications with Ustian, investors, analysts, and Navistar's Board of Directors regarding same.

68.    Thomas Kramer

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

69.    Steve Ostarello

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, communications with the EPA, and communications within Navistar regarding same.

70.    David Piech

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard, Navistar's efforts to obtain EPA certification, Navistar's use of emissions credits and payments of NCPs, and communications within

13

Navistar and with the EPA and CARB regarding same.

71.    Rogelio Rodriguez

This person may testify regarding, among other things, Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and Navistar's efforts to obtain EPA certification,

72.    A.J. Cederoth

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, performance problems involving Navistar's EGR-only engines and costs to Navistar regarding same, and Navistar's and Ustian's disclosures relating to those matters.

73.    Michael Hammes, John Correnti, or other Navistar's Board members

This person may testify regarding among other things, communications with Navistar's Board of Directors regard Navistar's efforts to develop EGR-only technology and certification efforts with the EPA and CARB,  Navistar's decision to abandon its EGR-only certification efforts, Navistar's decision to ask Ustian to resign, and Navistar's compensation decisions regarding Ustian.

74.    Wilburn Saylor or Ann Tushaus

These persons, SEC staff accountants, may testify regarding, among other things, the calculation of Ustian's ill-gotten gains and other subject matters suitable for testimony from a summary witness at trial.

75.    Srikanth Padmanabhan or other Cummins, Inc. representative

This person may testify regarding Cummins' SCR technology, Navistar's efforts to acquire Cummins' SCR technology, or engines with same, and Navistar's efforts to persuade the EPA and other authorities to take adverse action regarding SCR technology.

76. Steve Berry or other Volvo Group North America representative

This person may testify regarding Volvo's SCR technology, and Navistar's efforts to persuade the EPA and other authorities to take adverse action regarding SCR technology.

77. Steve Keller of Rush Enterprises

This person may testify regarding, among other things, the importance of EPA certification to a Navistar customer.

78. James Hebe

This person may testify regarding, among other things, communications with Ustian regarding Navistar's efforts to develop EGR-only technology to meet the 0.2 NOx standard and EPA certification status, alternatives to Navistar's pursuit of EGR-only technology, performance problems involving Navistar's EGR-only engines and costs to Navistar regarding same, Navistar's use of emissions credits and payments of NCPs, and communications with Navistar's customers about these issues.

Dated: November 16, 2017

*/s/ Eric M. Phillips*
Jonathan S. Polish
Eric M. Philips
Amy Flaherty Hartman
Anne G. Blazek
Timothy J. Stockwell
U.S. Securities and
  Exchange Commission
175 West Jackson Boulevard,
  Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

## CERTIFICATE OF SERVICE

I, Eric M. Phillips, an attorney, hereby certify that on November 16, 2017, I served the above and foregoing ***Plaintiff's Second Amended Response to Defendant's Interrogatory No. 10*** by causing true and accurate copies of such paper required to be served by Fed.R.Civ.P. 5(a) to be transmitted to the persons shown below via electronic mail.

*/s/ Eric M. Phillips*
Eric M. Phillips

Stephen C. Neal
Kathleen H. Goodhart (*pro hac vice*)
Benjamin Hansel Kleine
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Sean M. Berkowitz
Cary R. Perlman
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 777-7016

Laurence Harvey Levine
189 East Lake Shore Drive 16th Floor
Chicago , IL 60611

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Case No. 16-cv-03885 |
| v. | ) ) Hon. Sara L. Ellis |
| DANIEL C. USTIAN, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S WITNESS LIST – DRAFT 10/30/19**

Plaintiff Securities and Exchange Commission ("SEC") hereby submits the following list of witnesses whom Plaintiff will call or may call to testify at trial, as well as Defendant Daniel Ustian's ("Ustian") objections to such witnesses, if any.

**I.   WILL CALL LIVE WITNESSES**

| | WITNESS NAME | DESCRIPTION OF WITNESS AND WITNESS' ROLE IN CASE | OBJECTION BY USTIAN |
|---|---|---|---|
| 1. | Daniel C. Ustian | Ustian is the Defendant. | |
| 2. | Wilburn Saylor | Saylor is a SEC accountant. He will testify as a summary witness regarding Ustian's trading in Navistar stock. | |
| 3. | Michael Mayer | Mayer is an expert witness retained by the SEC. He will testify about the subject matter covered by his expert report | |

| | | | |
|---|---|---|---|
| | | and may also testify about the subject matter covered by his rebuttal report. | |
| 4. | David Foster | Foster is an expert witness retained by the SEC. He will testify about the subject matter covered by his expert report. | |
| 5. | Byron Bunker | Bunker was the EPA's Acting Compliance Division Director in the EPA's Office of Transportation and Air Quality. He will testify about Navistar's certification efforts. | |
| 6. | Christopher Grundler | Grundler was the Deputy Office Director in the EPA's Office of Transportation and Air Quality. He will testify about Navistar's certification efforts and his interactions with Ustian regarding same. | |
| 7. | Greg Orehowsky | Orehowsky was a team leader in the EPA's Office of Transportation and Air Quality. He will testify about Navistar's certification efforts. | |
| 8. | Thomas Kramer | Kramer worked in Navistar's certification group and reported to David Piech. He will testify about Navistar's certification efforts. | |
| 9. | Margo Oge | Oge was the Office Director in the EPA's Office of Transportation and Air Quality. She will testify about Navistar's certification efforts and her interactions with Ustian regarding same. | |
| 10. | David Piech | Piech was the head of Navistar's certification group. He will testify about Navistar's certification efforts and his interactions with Ustian regarding same. | |
| 11. | Patrick Charbonneau | Charbonneau was Navistar's Vice-President of Government Relations. He will testify about | |

| | | Navistar's certification and lobbying efforts and his interactions with Ustian regarding same. | |
|---|---|---|---|
| 12. | Brien Sheahan | Sheahan worked in Navistar's government relations group. He will testify about Navistar's lobbying efforts regarding EPA certification and his interactions with Ustian involving same. | |
| 13. | Tyrone Fahner | Fahner was retained by Navistar in 2012. He will testify about outreach to public officials regarding Navistar's certification efforts and his interactions with Ustian involving same. | |

## II.  MAY CALL LIVE WITNESSES

| | WITNESS NAME | DESCRIPTION OF WITNESS AND WITNESS' ROLE IN CASE | OBJECTION BY USTIAN |
|---|---|---|---|
| 1. | Justin Greuel | Greuel was a manager in the EPA's Office of Transportation and Air Quality. He may testify about Navistar's certification efforts. | |
| 2. | Don Sharp | Sharp was an IT executive at Navistar. He may testify about Navistar's recordkeeping practices and procedures. | |
| 3. | Troy Clarke | Clarke is Navistar's current CEO and was the President of Navistar's Truck and Engine division as of late spring 2012. He may testify about his interactions with the EPA regarding Navistar's engine certification efforts and his communications with Navistar's Board of Directors regarding same. | |
| 4. | Stephen Klopukh | Klopukh is a portfolio manager for Allianz Global Investors. | |

| | | | |
|---|---|---|---|
| | | He may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts and his firm's investments in Navistar stock. | |
| 5. | Jason Barlow | Barlow is an employee of Navistar and an investor in Navistar stock. He may testify about Ustian's statements regarding its engines using EGR-only technology and about his decision to purchase Navistar stock. | |
| 6. | Christopher Meekins | Meekins is the Chief Operating Officer and General Counsel of Empyrean Capital Partners LP. He may testify about the dates and amount of investments in Navistar stock made by Empyrean funds. | |
| 7. | Stephen Volkmann | Volkmann was a sell-side securities analyst covering Navistar. He may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts. | |
| 8. | Andrew Casey | Casey was a sell-side securities analyst covering Navistar. He may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts. | |
| 9. | David Leiker | Leiker was a sell-side securities analyst covering Navistar. He may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts. | |
| 10. | Walter Liptak | Liptak was a sell-side securities analyst covering Navistar. He may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts. | |

| | | | |
|------|------------------|--------------------|---|
| 11. | Kristine Kubacki | Kubacki was a sell-side securities analyst covering Navistar. She may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts. | |
| 12. | Randy Diaz | Diaz was an employee in Navistar's investor relations department. He may testify about his communications with investors, analysts, Ustian, and others regarding Navistar's certification efforts. | |
| 13. | Ramin Younessi (if the SEC does not present his testimony through a video of portions of his deposition) | Younessi was the head of Navistar's truck engineering group. He may testify about Navistar's certification efforts and his interactions with Ustian regarding same. | |
| 14. | Titus Iwaszkiewicz (if the SEC does not present his testimony through a video of portions of his deposition) | Iwaszkiewicz was Navistar's general manager Navistar of powertrain development. He may testify about Navistar's certification efforts and his interactions with Ustian regarding same. | |
| 15. | Tim Denoyer | Denoyer was a sell-side securities analyst covering Navistar. He may testify about Navistar's and Ustian's public statements regarding Navistar's certification efforts. | |

## III.    DEPOSITION DESIGNATIONS

| | WITNESS NAME | DESCRIPTION OF WITNESS AND WITNESS' ROLE IN CASE | OBJECTION BY USTIAN |
|------|------------------|--------------------|---|
| 1. | Ramin Younessi (if not called as a live witness) | Younessi was the head of Navistar's truck engineering group. If not called as a live witness, he will testify through video of portions of his deposition about Navistar's | |

| | | EPA certification efforts and his interactions with Ustian regarding same. | |
|---|---|---|---|
| 2. | Titus Iwaszkiewicz (if not called as a live witness) | Iwaszkiewicz was Navistar's general manager of powertrain development. If not called as a live witness, he will testify through video of portions of his deposition about Navistar's EPA certification efforts and his interactions with Ustian regarding same. | |
| 3. | Michael Hammes | Hammes was a member of Navistar's Board of Directors. He will testify through video of portions of his deposition about Navistar's decision to buy SCR technology from Cummins and the Board's decision to ask Ustian to retire. | |
| 4. | Robert Jones | Jones is a lobbyist for Alston & Bird. He will testify through video of portions of his deposition about the firm's lobbying efforts for Navistar relating to the company's EPA certification efforts. | |
| 5. | Steven Kawaja | Kawaja was a consultant for Empyrean Capital Partners LP. He will testify through video of portions of his deposition about Navistar's and Ustian's public statements regarding the company's certification efforts and Empyrean's decision to invest assets of funds managed by Empyrean in Navistar stock. | |
| 6. | Nathan Kieffer | Kieffer was an analyst for Wellington Management Company. He will testify through video of portions of his deposition about Navistar's and Ustian's public statements regarding the company's EPA certification efforts and | |

| | | Wellington's decision to invest client assets in Navistar stock. | |
|---|---|---|---|
| 7. | James Hebe | Hebe was Navistar's Vice-President of Truck Sales. Hebe will testify through video of portions of his deposition about Navistar's truck business, Navistar's and Ustian's decision to cease buying heavy-heavy diesel engines from Cummins and instead pursue a go-it-alone EGR-only strategy, Navistar's and Ustian's statements about EPA certification, and his interactions with Ustian and others involving same. | |

The SEC further reserves the right to call witnesses identified by Ustian in his pretrial witness list. The SEC also reserves the right to identify additional witnesses based upon Ustian's pre-trial disclosures.

Dated: December __, 2019

Respectfully Submitted,

**SECURITIES AND EXCHANGE COMMISSION**

**DANIEL C. USTIAN**

*/s/ DRAFT*
_____
By One of its Attorneys

*/s/ DRAFT*
_____
By Sean M. Berkowitz

Eric M. Phillips (ARDC No. 6237871)

Jonathan S. Polish (ARDC No. 6237890)

Amy Flaherty Hartman (ARDC No. 6274926)

Anne Graber Blazek (ARDC No. 6282987)

Timothy Stockwell

United States Securities and Exchange

Commission

175 West Jackson Boulevard, Suite 1450

Chicago, Illinois 60604

Telephone: (312) 353-7390

*Attorneys for the United States Securities and Exchange Commission*

Sean M. Berkowitz (ARDC No. 6209701)

Cary R. Perlman (ARDC No. 6230994)

Robin M. Hulshizer (ARDC No. 6230994)

Eric R. Swibel (ARDC No. 6297743)

Caitlin E. Dahl (ARDC No. 6312614)

Adam L. Rosenbloom (ARDC No. 6317055)

Latham & Watkins LLP

330 N. Wabash Avenue

Suite 2800

Chicago, Illinois 60611

(312) 876-7700

Laurence H. Levine (ARDC No. 1638459)

LAURENCE H. LEVINE LAW OFFICES

189 East Lake Shore Drive

16th Floor

Chicago, Illinois 60611

(312) 927-0625

*Attorneys for Defendant Daniel C. Ustian*