IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) ) ) ) DANIEL C. USTIAN, ) ) Defendant. ) ) | Case No. 16-cv-03885<br><br>Hon. Sara L. Ellis |

PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S RESPONSE IN OPPOSITION TO
DEFENDANT DANIEL USTIAN'S MOTION TO EXCLUDE OR FOR LEAVE TO
DEPOSE WITNESSES NOT PREVIOUSLY DEPOSED

Eric M. Phillips
Jonathan S. Polish
Anne Graber Blazek
Timothy Stockwell
United States Securities and Exchange
Commission
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

Plaintiff U.S. Securities and Exchange Commission ("SEC") respectfully submits this brief in opposition to Defendant Daniel C. Ustian's ("Ustian") Motion to Exclude or For Leave to Depose Witnesses Not Previously Disclosed ("Motion to Exclude"). Ustian's Motion to Exclude violates this Court's requirements for filing motions *in limine*, and, in any event, runs head-on into this Court's clear admonition that it "will not entertain any motions to extend the dates" in the Court's most recent scheduling order. Ustian apparently regards the Court's most recent scheduling order as a mere advisory opinion when he asks the Court to re-open discovery seven months after the close of fact discovery. Ustian concedes that the SEC disclosed the witnesses that Ustian now seeks to exclude. While Ustian complains about the volume of the SEC's disclosures, Ustian had three years of discovery to raise any concerns, but he stayed silent after the SEC provided Ustian with interrogatory answers in September 2017. Ustian lacks good cause to re-open discovery seven months after fact discovery closed and two-and-a half months before trial. The Court should deny the Motion to Exclude.

## I. FACTUAL BACKGROUND

This Court has extended the fact discovery cutoff date in this case four times. (*See* Docket Nos. 109, 142, 222, and 233). In the Court's order granting the fourth fact discovery extension in response to Ustian's motion (Docket No. 231), the Court extended fact discovery through April 11, 2019 and stated: "The Court will not entertain any motions to extend the dates in this scheduling order." (*See* Docket Nos. 231, 233).

In June 2017, the SEC served its Rule 26 disclosures. (*See* Ex. 2 to Motion to Exclude), As Ustian concedes, the SEC disclosed the two witnesses that Ustian now seeks to exclude: sell-

1

side analysts Tim Denoyer ("Denoyer") and David Leiker ("Leiker"). (*See* Ex. 2 to Motion to Exclude at p. 15 (disclosure of Denoyer), p. 23 (disclosure of Leiker); Motion to Exclude at p. 2 (the SEC "snuck in Mr. Denoyer and Mr. Leiker.").

In July 2017, Ustian proposed his first set of interrogatories, including an interrogatory asking the SEC to identify its trial witnesses. When the SEC initially balked at answering this interrogatory, Ustian's counsel stated that the need for the SEC to answer this interrogatory was "particularly acute given that the SEC has served Rule 26(a) disclosures that list 192 individuals." (*See* 9-6-17 email from Ustian's counsel to SEC's counsel in email string attached hereto as Exhibit A (first sentence of fifth paragraph of the email)). The SEC answered the interrogatory later that month. (*See* Ex. 4 to Motion to Exclude). The SEC's September 2017 interrogatory answer identified both Denoyer and Leiker as potential trial witnesses. (*Id.* at p. 7 (disclosure of Leiker), p. 10 (disclosure of Denoyer). The SEC amended this interrogatory in November 2017. (*See* Ex. 5 to Motion to Exclude). The SEC's November 2017 amended interrogatory answer identified both Denoyer and Leiker as potential trial witnesses. (*Id.* at p. 7 (disclosure of Leiker), p. 10 (disclosure of Denoyer)). After the SEC answered this interrogatory and identified both Denoyer and Leiker as potential trial witnesses, Ustian neither complained about this interrogatory answer during the remaining 19 months of fact discovery nor contended during this time period that the SEC's disclosures regarding potential trial witnesses were otherwise inadequate.

In June 2018, the SEC voluntarily amended its Rule 26(a) disclosures. (*See* Ex. 3 to Motion to Exclude). The SEC's amended Rule 26(a) disclosures significantly reduced the

number of persons that the SEC identified as compared to the SEC's initial Rule 26(a) disclosures. (*Compare* Ex. 2 to Motion to Exclude *with* Ex. 3 to Motion to Exclude). Like the SEC's initial Rule 26(a) disclosures in June 2016 and the SEC's interrogatory answers in the fall of 2017, the SEC's amended Rule 26(a) disclosures in June 2018 specifically identified both Denoyer and Leiker. (*See* Ex. 3 to Motion to Exclude at pp. 7-8 (disclosure of Denoyer), pp. 10-11 (disclosure of Leiker)). During the ten months that remained for fact discovery after the SEC provided Ustian with the SEC's amended Rule 26(a) disclosures, Ustian never raised any concerns about these disclosures with the SEC or the Court.

As part of the parties' preparation of the Final Pretrial Order, the SEC provided Ustian with a draft witness list on October 30, 2019. (*See* Ex. 6 to Motion to Exclude). Like the SEC's initial Rule 26(a) disclosures in June 2016, the SEC's interrogatory answers in the fall of 2017, and the SEC's amended Rule 26(a) disclosures in June 2018, the SEC's draft October 2019 witness list identified both Denoyer and Leiker.

The Court has ordered that the parties file the Final Pretrial Order on December 17, 2019. (*See* Docket No. 222). Under the Court's standing order, all motions *in limine* are due three weeks prior to the Final Pretrial Order, or November 26, 2019. *See* the Court's Standing Order for "Final Pretrial Orders – Civil Jury Trials." Additionally, the Court requires that "parties should submit their initial motions and supporting exhibits in one document for the Court." *Id.* During the meet-and-confer process, the SEC and Ustian had agreed to file their motions *in limine* earlier than the Court requires, during the week of November 18, due to the Thanksgiving holiday. But without giving the SEC any prior notice, Ustian filed the Motion to Exclude

3

separately, on November 14, before the parties had filed any other motions *in limine* and before the time period in which the parties had agreed that they would file such motions.

## II. ARGUMENT

### A. The Court Should Deny The Motion To Exclude Because The Motion *Violates The Court's Motion In Limine Requirements*

The Court's requirements for filing motions *in limine* are clear: the Court requires that parties file motions *in limine* all at the same time and in a single document. Ustian blatantly violated these requirements by filing the Motion to Exclude separately and noticing it up on the Court's regular motion call. Ustian neither sought leave from the Court to deviate from these requirements nor alerted the SEC that he was going to do so. To the contrary, the parties previously had agreed on a timetable for filing and responding to each other's motions *in limine*. This timetable contemplated that each party's motions *in limine* would be filed at the same time and in a single document, consistent with the Court's clear requirements. Before Ustian filed his standalone Motion to Exclude, the SEC had informed Ustian that the SEC would be filing motions *in limine* to exclude one or more of the witnesses on Ustian's witness list. Apparently seeking to gain some perceived tactical advantage, Ustian blithely ignored the Court's requirements by filing the standalone Motion to Exclude. The Court should reject Ustian's gambit and deny the Motion to Exclude based on Ustian's violation of the Court's requirements regarding the filing of motions *in limine*.

4

B. **The Court Should Not Exclude Fully Disclosed Witnesses Or Reopen Discovery For These Witnesses**

Ustian has not offered the Court any valid reason to grant the extraordinary relief he seeks for the two witnesses that the SEC fully and consistently disclosed. Ustian does not cite a single case for the proposition that the Court should exclude witnesses that the opposing party disclosed. Ustian's request that the Court exclude Denoyer and Leiker from testifying is baseless.

Ustian's alternative request for the Court to re-open discovery for depositions of Denoyer and Leiker does not fare any better. To justify a re-opening of discovery after the fact discovery cutoff date has passed, a party must satisfy the requirement of good cause, the essence of which is that the party must show it was diligent in seeking the discovery it proposes to take after the cutoff date. *See Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 2019 WL 4140782 at *4 (N.D. Ill. Aug. 30, 2019); Fed. R. Civ. P. 16(b)(4).

Ustian was not diligent. The SEC consistently disclosed both Denoyer and Leiker as persons with knowledge and as potential trial witnesses. If Ustian felt stymied by the number of potential witnesses that the SEC disclosed as potential trial witnesses in September 2017, Ustian could have and should have raised this concern during the remaining 19 months in which fact discovery was open. Instead, Ustian said nothing to the SEC or the Court after the SEC provided its list of potential trial witnesses in its response to Ustian's interrogatory. Based on Ustian's silence after the SEC delivered its interrogatory answer, the SEC reasonably understood that the interrogatory answer resolved any concerns that Ustian had about the number of persons that the SEC disclosed. Ustian's lack of diligence is especially egregious because the Court extended fact

5

discovery four times and told the parties that in granting the last extension, the Court would not entertain any further extension requests.

Where, as here, a party seeks to re-open discovery after the fact discovery cutoff without demonstrating good cause, courts have denied the request. *See, e.g., Maui Jim* (denying request to re-open discovery); *Summers v. Electro-Motive Diesel, Inc.*, 2014 WL 5100606 at *3 (N.D. Ill. Oct. 10, 2014) (same); *Broker Genius, Inc. v. Seat Scouts, LLC*, 2018 WL 6242226 at *4-*5 (S.D.N.Y. Nov. 29, 2018) (same); Davis v. *Tri-County Metropolitan Transportation District of Oregon*, 2015 WL 3823826 at *1-*2 (D. Ore. June 18, 2015) (same); *Parkervision, Inc. v. Qualcomm Inc.*, 2013 WL 3771226 at *4 (M.D. Fla. July 17, 2013) (same); *Holman v. Experian Information Solutions, Inc.*, 2013 WL 415248 at *1 (N.D. Cal. Jan. 31, 2013) (same); *Apace Communications, Ltd. V. Burke*, 2012 WL 6681785 at * 1 (W.D.N.Y. Dec. 21, 2012) (same); *Snoussi v. Bivona*, 2011 WL 6761068 at *1-*2 (E.D.N.Y. Dec. 22, 2011) (same); *Burket v. Hyman Lippitt, P.C.*, 2008 WL 718180 at *1 (E.D. Mich. Mar. 14, 2008) (same); *see also Makaeff v. Trump University, LLC,* 2014 WL 6851615 at *3-*5 (S.D. Cal. Dec. 3, 2014) (denying request for order "permitting each side to take additional depositions after the close of discovery of any individual appearing on the opposing party's trial witness list of the opposing party who has not previously been deposed.")

The lone case that Ustian cites in his Motion to Exclude is wholly inapposite. In *Krukowski v. Omicron Technologies, Inc.,* 2012 WL 3841491 (N.D. Ill. Aug 29, 2012) (Motion to Exclude at pp. 3-4), the Court granted a fact discovery extension request that a party filed on the last day of fact discovery. *Id.* at *3 ("[f]act discovery was ordered closed on April 2, 2012,

the date the present motion was filed.") The Court noted that no trial date had been set and no dispositive motions were pending. *Id.* at *2. Here, by contrast, Ustian is making his request to re-open discovery seven months after a fact discovery cutoff date that the Court had extended four times, and after the Court has clearly stated that it will not entertain any further extension requests. Moreover, unlike in *Krukowski,* a trial date has long been set and is only two-and-a-half months away, and Ustian's summary judgment motion has been fully briefed and is pending.

Because Ustian has not shown any justification for requesting exclusion of fully disclosed witnesses and has not demonstrated good cause to re-open discovery long after the fact discovery cutoff, the Court should deny Ustian's Motion to Exclude.

Dated: November 18, 2019

                                            Respectfully submitted,

                                            /s/ Eric M. Phillips

Eric M. Phillips
Jonathan S. Polish
Anne Graber Blazek
Timothy Stockwell
United States Securities and Exchange Commission
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390

7

## CERTIFICATE OF SERVICE

 The undersigned, an attorney, hereby certifies that on November 18, 2019, a copy of the foregoing Plaintiff Securities and Exchange Commission's Response in Opposition to Defendant's Motion to Exclude was served upon the following counsel by the Court's CM/ECF system:

Sean M. Berkowitz
Cary R. Perlman
Latham & Watkins LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
sean.berkowitz@lw.com
cary.perlman@lw.com

Laurence H. Levine
Law Offices of Laurence H. Levine
189 East Lake Shore Drive, 16th Floor
Chicago, IL 60611
laurence.levine@lhlevine.com

Attorneys for Defendant Daniel Ustian

                /s/ Eric M. Phillips
                Eric M. Phillips